[No. 5728.   Decided December 11, 1905.]

FRANKLIN FIREBAUGH, an Infant, by W. R. Kelly, His Guardian Ad Litem, Respondent, v. SEATTLE ELECTRIC COMPANY, Appellant.[1]

CARRIERS—NEGLIGENCE—INJURY TO PASSENGER ON STREET CAR— BLOW-OUT OR EXPLOSION — PRESUMPTION — DOCTRINE OF RES IPSA LOQUITUR. Where an accident to a passenger on a street car is due to an explosion or blow-out of the controller, a presumption of negligence on the part of the carrier arises, since the doctrine of *res ipsa loquitur* applies where the accident is due to equipment or operation over which the carrier had entire control.

SAME — ACT OF PASSENGER IN IMMINENT PERIL — JUMPING FROM CAR—APPLICATION OF DOCTRINE. The fact that the plaintiff, in imminent peril, without negligence on his part, undertook to escape from a burning or exploding controller by jumping from a street car, and was injured by the fall, does not affect the presumption that the accident was due to the negligence of the carrier.

SAME—CAUSE OF ACCIDENT UNKNOWN—PRESUMPTION. Proof on the part of the defendant, a street railway company, to the effect that the witnesses did not know what caused the controller to blow out or explode, which sometimes happened without any known cause, will not, as a matter of law, rebut the presumption of negligence arising therefrom in favor of a passenger; especially where there was testimony showing different possible causes that might have been controlled and remedied; and the question is one for the jury.

1Reported in 82 Pac. 995.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 16, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in jumping from a street car to avoid danger from an exploding controller. Affirmed.

*Hughes, McMicken, Dovell & Ramsey,* for appellant, contended, *inter alia,* that negligence will not be presumed from the mere fact of an accident which is as consistent with the presumption that it was unavoidable as it is with negligence. 4 Elliott, Railroads, § 1644; *Pennsylvania R. Co. v. MacKinney,* 124 Pa. St. 462, 17 Atl. 14, 10 Am. St. 601, 2 L. R. A. 820; *Breen v. New York etc. R. Co.,* 109 N. Y. 297, 4 Am. St. 450; *Saunders v. Chicago etc. R. Co.,* 6 S. D. 40, 60 N. W. 148; *Stern v. Michigan etc. R. Co.,* 76 Mich. 591, 43 N. W. 587. Having raised certain issues, the plaintiff could not rely upon a general presumption of negligence. *West Chicago etc. R. Co. v. Martin,* 154 Ill. 523, 39 N. E. 140; *Chicago etc. R. Co. v. Driscoll,* 176 Ill. 330, 52 N. E. 921. The doctrine of *res ipsa loquitur* does not apply where the passenger's voluntary action contributes to the result. Thompson, Carriers, p. 214; 2 Wood, Railways, p. 1099, and cases cited; *Dresslar v. Citizens' St. R. Co.,* 19 Ind. App. 383, 47 N. E. 651; *Pittsburg etc. R. Co. v. Aldridge,* 27 Ind. App. 498, 61 N. E. 741; 5 Am. & Eng. Ency. Law (2d ed.), 628. The presumption of negligence cannot prevail against the positive evidence in this case. *Georgia R. etc. Co. v. Wall,* 80 Ga. 202, 7 S. E. 639; *Florida etc. R. Co. v. Rudulph,* 113 Ga. 143, 38 S. E. 328; *Murray v. Pawtuxet Val. etc. R. Co.* (R. I.), 55 Atl. 491; *Robinson v. New York etc. R. Co.,* 9 Fed. 877; *Pierce v. Great Falls etc. R. Co.,* 22 Mont. 445, 56 Pac. 867; *Cheetham v. Union R. Co.* (R. I.), 58 Atl. 881; *Bernhardt v. West Pennsylvania R. Co.,* 159 Pa. St. 360, 28 Atl. 140.

*Brady & Gay,* for respondent.

DUNBAR, J.—The action was brought by the respondent to recover damages for personal injuries, sustained by jumping from a front platform of a street car operated by the appellant company, and on which he was a passenger. The complaint alleges, among other things, that the defendant carelessly and negligently used the said car when it was out of repair, in its motor power and in its appliances appertaining thereto; that while the plaintiff was such passenger on said car, by reason of defendant's negligence, the controller, machinery, and appliances of said car exploded, and filled the vestibule thereof with smoke and flames, to such an extent that all the front portions of said car became greatly heated; that, by reason thereof, the plaintiff was placed in a situation of apparent and imminent peril, and was dominated by the peril of impending danger, and believed that the only way he could save himself was to jump from said car; and without time to deliberate, and acting on the instinct of self-preservation, did jump and was thrown against hard substances beside the track, and thereby injured.

The defendant, in its answer, admitted that the plaintiff was a passenger, and that he did jump from the car at the time and place alleged, but denied every allegation of negligence on its part, and pleaded affirmatively contributory negligence on the part of the plaintiff in carelessly and negligently jumping, or climbing over the gate on the platform of its car while the same was closed. The reply denied contributory negligence. The case was tried to a jury, which resulted in a verdict for the plaintiff. Judgment followed, and this appeal is taken therefrom.

There are but two assignments of error, the first that the court erred in giving instruction No. 5, which was as follows:

"When a controller upon a car of a street railway company blows out or burns out, the law presumes that such blowing or burning resulted from some defect of the controller or other appliances of the car, or means used by the

company in the operation of the car, and in such a case it devolves upon the company to show that such burning or blowing out did not result from any cause which the highest degree of care on its part could have prevented."

Assignment 2 is that the court erred in denying defendant's challenge to the legal sufficiency of .the evidence, and in refusing to instruct the jury to return a verdict for the defendant. The allegation of contributory negligence raised in the answer is not urged here.

It is contended by the learned counsel for appellant that the doctrine of *res ipsa loquitur* does not apply in a case of this kind, and that it was improper in this case to tell the jury that they were entitled to find the appellant negligent upon proof of the accident alone; and the case of *Allen v. Northern Pac. R. Co.,* 35 Wash. 221, 77 Pac. 204, is cited in support of the contention that the doctrine of *res ipsa loquitur* has been somewhat modified by this court. It is insisted by the appellant that it is manifest that this court has not intended to announce the rule that there is a presumption of negligence unless it is apparent that the accident could not have happened without negligence on the part of the carrier. This is no doubt true, for the rule of *res ipsa loquitur* is based upon the apparent fact that the accident could not have happened without negligence on the part of the carrier; or, upon the literal meaning of the expression, that the thing itself speaks, and shows *prima facie* that the carrier was negligent.

The cases which we will hereafter cite do not in any way contradict the further contention of the appellant that a careful analysis of the better considered decisions shows that negligence will not be presumed from the mere fact of accident which is as consistent with the presumption that it was unavoidable as it is with negligence; and, therefore, if it be left in doubt what the cause of the accident was, or if it may as well be attributable to the act of God or unknown causes

as to negligence, there is no such presumption. As we have said, this does not affect the principle of law that, when, by reason of the machinery and appliances used by the common carrier, wholly under its control, a passenger is injured, this fact shows *prima facie* negligence on the part of the carrier. Looking to eminent authority for expression on this subject, we find the following announcement in Nellis on Street Railroad Accident Law, pp. 590, 591.

"Where the plaintiff is a passenger on a street car, a *prima facie* case of negligence is made out by showing the happening of the accident during the course of transportation; and if the injury was caused by apparatus wholly under its control, furnished and applied by it, a presumption of negligence on the part of the company is raised, and the burden is on the latter to prove itself not guilty of negligence."

The same rule is substantially laid down by Shearman & Redfield on the Law of Negligence, and by all other authority.

In *Gleeson v. Virginia Midland R. Co.,* 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458, which was an action for damages caused by a land slide in a railway cut, the doctrine of *res ipsa loquitur* was applied, and the court announced the rule as follows:

"Since the decisions in *Stokes v. Salstonstall,* 13 Pet. 181, and *Railroad Company v. Pollard,* 22 Wall. 341, it has been settled law in this court that the happening of an injurious accident is, in passenger cases, *prima facie* evidence of negligence on the part of the carrier, and that (the passenger being himself in the exercise of due care) the burden then rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight. The rule announced in those cases has received general acceptance; and was followed at the present term in *Inland & Seaboard Coasting Co. v. Tolson,* 139 U. S. 551."

In answer to the contention of the carrier in that case, to the effect that the operation of the rule was confined to cases where the accident resulted from defective arrangement, man-

agement, or miscontsruction of things over which the de-
fendant had immediate control, etc., the court said:

"Neither of these attempted distinctions is sound, since,
as has been shown, the defect was in the construction of that
over which the defendant did have control and for which it
was responsible, and since the slide was not caused by the
act of God, in any admissible sense of that phrase. More-
over, if these distinctions were sound, still, as a matter of
correct practice, the modification should have been made.
The law is that the plaintiff must show negligence in the de-
fendant. This is done *prima facie* by showing, if the plaintiff
be a passenger, that the accident occurred. If that accident
was in fact the result of causes beyond the defendant's re-
sponsibility, or of the act of God, it is still none the less true
that the plaintiff has made out his *prima facie* case. When he
proves the occurrence of the accident, the defendant must
answer that case from all the circumstances of the exculpa-
tion, whether disclosed by the one party or the other. They
are its matter of defense."

So that it will be seen that the court in that case went further
than it is necessary to go here, because the fact is undisputed
in this case that the accident was caused by appliances over
which the appellant had absolute control.

This broad announcement, however, has been somewhat
modified by this court in *Hawkins v. Front St. Cable R.
Co.,* 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A.
808, where it was held that the statement that, where a pas-
senger was being carried on a train and was injured without
fault of his own, there was legal presumption of negligence,
casting upon the carrier the burden of disproving it, was
too broad. But that was upon the express ground that the
nature of the accident was not such as to warrant saying
anything about the machinery, the case being an accident
caused to the passenger while occupying a seat upon the
dummy car of a cable railway, by reason of a collision be-
tween the dummy and a wagon which was on the track. But
the rule announced in *Federal Street etc. R. Co. v. Gibson,*

96 Pa. St. 83, was indorsed in that case as being the proper rule, and there it was said:

"It is true, in many cases, the mere fact of injury to a passenger raises the presumption of want of care on the part of the railroad company. Such is the case when the injury results from defective track, cars, machinery or motive power."

The whole case conclusively shows that there was no attempt to disturb the well-settled rule that, where the accident was caused by machinery or equipment over which the carrier had absolute control, the presumption of negligence on the part of the carrier would attach. And no further modification was intended by this court in *Allen v. Northern Pac. R. Co., supra.* The court there quoted approvingly from Elliott on Railroads, Vol. 4, § 1644, which is as follows:

"It is, therefore, too broad a statement of the rule to say that, in all cases, a presumption of negligence on the part of the carrier arises from the mere happening of the accident or an injury to a passenger regardless of the circumstances and nature of the accident. The true rule would seem to be that when the injury and circumstances attending it are so unusual and of such a nature that it could not well have happened without the company being negligent, or when it is caused by something connected with the equipment or operation of the road, over which the company had entire control, without contributory negligence on the part of the passenger, a presumption of negligence on the part of the company usually arises from proof of such facts, in the absence of anything to the contrary, and the burden is then cast upon the company to show that its negligence did not cause the injury."

It would seem that this case falls squarely within the announcement there made. The accident was unquestionably caused by something in connection with the equipment or operation of the road over which the company had entire control, and it is not contended that there was contributory negligence on the part of the passenger. It follows then, from

the announcement of Mr. Elliott quoted, and which is also cited by the appellant in this case, that the presumption of negligence on the part of the company arises from such facts, and this is all that is stated by the instruction complained of. The modification in all the cases mentioned is simply to the extent that it is not sufficient to make the bare allegation that the plaintiff was a passenger on the defendant's cars and that an accident occurred by reason of which he was injured, or to rely upon such proof, or to give such an instruction, because manifestly many accidents might occur to a passenger on a train the cause of which could not to any extent be attributed to the negligence of the carrier.

This question has again lately been before this court, and the authorities generally reviewed, in the case of *Williams v. Spokane Falls etc. R. Co.*, 39 Wash. 77, 80 Pac. 1100, where it was held that evidence that the injury of a passenger was connected with the operation of a railroad makes it a *prima facie* case of negligence, devolving on the carrier the duty of overcoming the presumption. And the distinction was shown there between instructions which were absolutely unlimited in their scope, and which might lead the jury to believe that even the proof of an accident caused by some agency which was not connected with the operation of the road would make a *prima facie* case of negligence on the part of the carrier, and an instruction which applied to accidents occurring by reason of something connected entirely with the operation of the road; citing Thompson's Commentaries on the Law of Negligence, Vol. 3, § 2754, where these distinctions are plainly set forth. It is true that this case is now pending in this court on a petition for rehearing, but the petition does not raise any of the questions involved in the case at bar. We think that, if the doctrine of *res ipsa loquitur* could be applied in any case of accident between a passenger and a common carrier, it would naturally apply in this case.

The appellant, however, insists that, even if under the gen-

eral rule it should apply, it cannot apply under the circumstances of this case, because the respondent was not relying upon the operation of the car by the appellant, and was therefore not a passive recipient; and the presumption of negligence could not obtain because he acted himself and to a certain extent took the matter into his own hands by jumping from the car; and some cases are cited in support of this contention. We think, upon an examination of the cases, that they do not in any manner sustain appellant's contention, and that, when it is conceded, as it must be from an examination of the testimony in this case, that the plaintiff was waranted in retreating from the peril which threatened him, and when in fact he would have been guilty of contributory negligence if he had not attempted to save himself by retreating, there is no equitable rule which could deprive him, by reason of such cautionary action on his part, from pleading negligence on the part of the carrier.

It is further earnestly contended by the appellant that, in any event, it was shown by the appellant that there was no negligence on the part of the carrier, and that the court should have sustained the challenge as to the legal sufficiency of the evidence. An examination of this testimony satisfies us that it was not proven that the cause of the blow-out of the controller was beyond appellant's control. It was simply shown by the witnesses who testified that they did not know what the cause was, and that sometimes a blow-out would occur and the cause could not be ascertained. There is in science a cause for everything. But, outside of this, there was testimony offered by the respondent showing different causes for the explosion which might have been controlled and remedied by the appellant; and under the testimony, it was a question for the jury to determine whether the appellant rebutted the presumption of negligence which, under the law, attached to it by reason of the accident occurring. This question having been submitted to the jury under proper instruc-

Dec. 1905]          Opinion Per HADLEY, J.

tions, we are unable to find any error in the record, and the judgment is affirmed.

MOUNT, C. J., RUDKIN, FULLERTON, HADLEY, CROW, and ROOT, JJ., concur.