## Stone v. Van Noy Railroad News Co., et al.

(Decided March 28, 1913.)

### Appeal from Jefferson Circuit Court
### (Common Pleas, Second Division).

1. **Personal Injuries—Action for Damages—Explosion of Soft Drink Bottle—Evidence—Peremptory Instruction.**—In an action for damages by a news agent for a personal injury resulting from the explosion of a pop bottle, against the news company who furnished the bottle and the manufacturer who charged the bottle, evidence examined, and held insufficient to take the case to the jury.

2. **Evidence—Corporations—Declaration of Agent as to Antecedent Fact.**—The declarations of an officer or agent not forming any part of an official act or act within the scope of the agency are not admissible against the corporation to prove an antecedent fact, nor, as a general rule, is the admission of the officer or agent tending to show liability of the corporation receivable against the corporation when made subsequent to the transaction in question, and not properly a part thereof.

3. **Negligence—Proof.**—When the question is one of negligence or no negligence, it is well settled law that where the evidence is equally consistent with either view—the existence or non-existence of the negligence—the court should not submit the case to the jury, for the party affirming the negligence has failed to prove it.

CHESLEY H. SEARCY, THOMAS C. MAPOTHER for appellant.

GIBSON & CRAWFORD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Robert F. Stone, brought this action against the Van Noy Railroad News Company and the Merchants Ice and Cold Storage Company to recover damages for personal injury. At the conclusion of plaintiff's evidence the trial court directed a verdict in favor of defendants. Plaintiff appeals.

The facts developed by the evidence are as follows:

Plaintiff, who is 39 years of age, was at the time of the accident a news agent in the employ of the Van Noy Railroad News Company. He ran on the Illinois Central Railroad between Louisville, Kentucky, and Fulton, Kentucky. He had worked for the News Company off and on for several years, but for a little while before the accident had not been in their employ. He was on his second trip when injured. He had not had any previous experience in handling bottled goods. On the morning of the accident he was supplied by the News Company with several bottles containing strawberry, lemon sour, riva cola and other flavors. They were all soft drinks. They were furnished to him at three cents apiece, and he sold them at five cents apiece. Mr. Blackman was the manager in the News Company's office. He did not warn plaintiff that the bottles were dangerous, and there was nothing on the bottles to indicate that they might explode. Blackman helped plaintiff to take the bottles on the train. They were placed in a wooden box in the smoker. Inside the wooden box was a tin box. There was some ice in the box at the time, and more ice was afterwards furnished by Blackman. Plaintiff had a small tray on which he carried the bottles when offering them for sale. He had been to the box and opened it about a dozen times on the trip in question. The accident took place about five o'clock in the afternoon, on July 30, 1911. Plaintiff had been in the colored car selling fruit. When he came back he picked up his tray and walked to the ice box for the purpose of getting some of the bottles. Just as he raised the lid of the box and held the lid of the tin back, one of the bottles exploded. It cracked like a pistol, and a piece of glass struck him in the eye, cutting out the eye-ball and completely destroying the sight. He did not see what kind of bottle it was that exploded, but it was a soft drink bottle. The testimony of plaintiff with reference to the

circumstances attending the injury is corroborated by that of two or three other witnesses.

L. R. Leidigh testified that he had been in the bottling business. He put up cherry phosphate, ginger ale and such drinks, and had had many years' experience in bottling such drinks. He stated that it was a common occurrence for bottles of phosphate or cola drinks to explode when being filled. Upon being asked the question "How about after they are filled?" he answered: "That will happen sometimes." Could not say that it happened frequently or seldom. Had heard them explode many a time. Had heard them explode without being touched. He had heard them explode at night-time in the factory when there was no one in the factory.

Plaintiff then read the deposition of William A. Blackman. He testified that he was manager of the Van Noy News Company at the time plaintiff was injured. At that time the News Company was handling bottles of the Merchants Ice and Cold Storage Company. Shortly after the accident he had a conversation with some employee of the Merchants Ice and Cold Storage Company relative to the pressure in their bottles. He requested that the pressure be reduced if too high. He did not tell John W. Schultz that when he first came there he called the attention of the Merchants to the fact that there was too much pressure on their goods. He had no communication with the Merchants prior to the time of the accident. When he requested the Merchants to make the pressure weaker, the book-keeper replied: "We will fix that up all right." None of the bottles furnished him by the Merchants had ever exploded while he was there. He had only been there four days. The stock would be kept on ice while in the office. Stone had worked for him four or five days before he was hurt.

Plaintiff then introduced John W. Schulz, an employee of the Marion County Distillery. He asked if he had not gone to Mr. Blackman, and if Blackman had said anything to him about any complaint to the Merchants Ice and Cold Storage Company about the pressure on the goods. He answered, "Yes, sir." An objection was sustained by the court. Thereafter plaintiff asked witness, "What did he say?" The court again sustained an objection. Plaintiff then avowed that witness, if permitted to answer, would say that Blackman told him that he had complained to the Merchants Ice and Cold

Storage Company upon two different occasions before the accident under investigation occurred, with reference to the pressure under which their bottled goods were delivered. On the first occasion the Merchants Ice and Cold Storage Company told him the pressure was 70 or 75 pounds, and they promised to reduce it to about 50; that the bottles exploded in his office at the Van Noy Railroad News Company's place on the first day of his employment, and continued to explode daily. Witness was also asked if Blackman had not given him some broken bottles of the Merchants Ice and Cold Storage Company. The court sustained an objection to this question, and plaintiff avowed that witness, if permitted to answer, would say that Blackman furnished witness a large quantity of broken bottles, bearing the Merchants Ice and Cold Storage Company labels, and told witness that those were the fragments of the bottles that had exploded in the office before the accident happened without being touched.

Plaintiff's cause of action against the Van Noy Railroad News Company is based on an allegation to the effect that the soft drinks were furnished him in bottles which were in a highly dangerous or explosive condition, which condition was well known to the News Company, or could have been known to it by the exercise of ordinary care, and that such dangerous condition of the bottles was not known to the plaintiff, and could not have been known to him by the exercise of ordinary care. The allegation of the petition with reference to the Merchants Ice and Cold Storage Company is that the accident was caused "by reason of the gross carelessness and negligence of the Merchants Ice and Cold Storage Company in selling and delivering to its co-defendant herein the Van Noy Railroad News Company said soft drinks in bottles, the same being in a highly dangerous condition for handling because of the fact that same were too heavily charged or improperly filled or charged or for some other reason best known to said defendant, Merchants Ice and Cold Storage Company, and unknown to plaintiff, which rendered said bottles and their contents highly explosive and which was well known to the defendant Merchants Ice and Cold Storage Company, its agents, servants and employes, or could have been known to them by the exercise of ordinary care," etc.

It is not seriously contended that there is any evidence

tending to show negligence on the part of the News Company. It is true there was an attempt to show certain declarations made by Blackman some time after the accident. The rule is that the declarations of an officer or agent not forming any part of an official act or act within the scope of the agency are not admissible against the corporation to prove an antecedent fact, nor, as a general rule, is the admission of the officer or agent of a fact tending to show liability of the corporation receivable against the corporation when made subsequent to the transaction in question, and not properly a part thereof. Elliott on evidence, Vol. 1, page 378, section 255; East Tennessee Telephone Co. v. Simm's Admr., 99 Ky., 404. Even if any portion of Schulz's evidence was competent for the purpose of impeaching Blackman, it was not competent as substantive evidence, and cannot, therefore, be considered in determining whether or not a peremptory instruction should have gone.

Rejecting the alleged statements of Blackman, which were clearly incompetent as substantive evidence, there is not the slightest evidence tending to show that the News Company knew, or by the exercise of ordinary care could have known, of the dangerous condition of the bottles or of their liability to explode. On the contrary, the uncontradicted facts leave no doubt that plaintiff's injury so far as the News Company is concerned was the result of an accident which ordinary prudence on its part could not have guarded against.

The only evidence against the Merchants Ice and Cold Storage Company is that the bottle did explode, and one witness who had worked in another factory said that he had occasionally heard such bottles explode, even after they had been charged.

In the case of Olds Motor Works v. Shaffer, 145 Ky., 616, the court said:

"The rules found in text books and cases defining the liability of the maker of the article to third persons who are injured by its use are stated substantially as follows by all the authorities:

"(1) When he is negligent in the manufacture and sale of an article intrinsically or inherently dangerous to health, limb or life: (2) When the maker sells an article for general use which he knows to be imminently dangerous and unsafe and conceals from the purchaser defects in its construction from which injury might reas-

onably be expected to happen to those using it. Under the first class fall articles such as poisons or dangerous drugs that are labeled as containing innocent or harmless ingredients; and in this class of cases it is not essential to a recovery by the injured party against the maker that knowledge of his mistake or negligence should be brought home to him. His liability rests upon the broader ground that persons dealing in articles intrinsically and inherently dangerous must use a high degree of care in putting them on the market for the protection of the health and lives of those who may naturally and reasonably be expected to use them. And for his negligence or carelessness alone, without any fraud, deceit or concealment, he may be held accountable in damages to any person injured by their use. Thomas v. Winchester, 6 N. Y., 397, 57 Am. Dec., 455. But in the other class of cases, where the article itself is not inherently or intrinsically dangerous to health or life, a third party seeking to hold the maker liable for injuries suffered by him in the use of the article must show that the maker knew it was unsafe and dangerous, and either concealed the defects or represented that it was safe and sound. But even when this is shown, the maker will not be liable if it is made to appear that the purchaser had knowledge of the defects at and before the third party was injured in using it.''

It was held in that case that the maker of an automobile could only be held liable under exception two.

There is no evidence in this case tending to show that an ordinary bottle of pop is intrinsically or inherently dangerous to health or life or limb. On the contrary, millions of these bottles are sold every year without such an accident as occurred in this case. Manifestly, such bottles do not belong in the catagory of poisons or dangerous drugs that are labeled as containing innocent or harmless ingredients. That being true, can this case be said to fall under exception two, as above stated? There is no proof in this case that the bottle itself was too heavily charged. Nor is it known that the Merchants Company's bottles frequently, exploded. Had there been proof of this kind, as well as proof tending to show that the bottles used were not defective, this would have been a circumstance tending to show that the bottles had been too heavily charged. The proof in this case goes no further than to show that Leidigh, who had worked for another company, had occasionally heard the bottles

charged by that company explode. This may have been due to that company's negligence or to the use of defective bottles, and it does not, therefore, tend to prove that the Merchants Company improperly charged its bottles. There is no proof tending to show that the particular bottle which caused the accident was defective, and that the Merchants Company had any knowledge of its defect, or even that the bottles used by the Merchants Company frequently proved defective, and that, being put on notive of this fact, it could, by the exercise of ordinary care, have discovered that the particular bottle was defective.

In the absence of any direct testimony, or any fact or circumstance from which it could be reasonably concluded that the Merchants Company, knowingly used defective bottles, it cannot be held liable on this ground, even though the bottle which injured plaintiff was defective, which the proof in this case utterly fails to show. Indeed, the facts of this case bring it clearly within the rule laid down in the case of Louisville Gas Co. v. Kaufman-Straus Co., 105 Ky., 143. When the question is one of negligence or no negligence, it is the well settled law that where the evidence is equally consistent with either view—the existence or non-existence of the negligence—the court should not submit the case to the jury, for the party affirming the negligence has failed to prove it. Here the accident may have happened in one of several ways. The day was very hot, and the explosion may have resulted from the hot air coming in contact with the bottle. Again, a piece of ice may have fallen against the bottle and caused it to explode; or, the explosion may have occurred because the bottle was too heavily charged, or the bottle itself was defective. The evidence being equally consistent with any one of these views, it follows that plaintiff failed to make out his case. While the accident is an unfortunate one, defendants cannot be held liable in the absence of proof of negligence. Having failed to prove negligence, the trial court properly directed a verdict in favor of the defendants.

Judgment affirmed.