## Loebig's Guardian v. Coca-Cola Bottling Co.

(Decided April 19, 1935.)

W. S. KAMMERER and W. W. DOWNING for appellant

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Jefferson circuit court rendered pursuant to an instructed verdict given at the close of the plaintiff's testimony.

The injury complained of in the petition was the loss of the sight of the plaintiff's left eye, resulting, as is shown by the evidence, from the explosion of a bottle of Coca-Cola, late in the afternoon of September 10, 1932.

The bottle was contained in a case of Coca-Cola which left the defendant's plant in Louisville, on one of its trucks, at about 1:30 p. m., on the afternoon of the accident. After being carried through the streets for several hours, the case was delivered at Rueve's Bakery on Thirty-Second street, in the city of Louisville, between 4 and 5 o'clock in the afternoon, by the defendant's driver, who placed the case, together with several others, on the floor of the bakery, beside a cooler. It was shown that the temperature on the afternoon in question was in the neighborhood of 85 degrees Fahrenheit.

Shortly after the Coca-Cola was delivered, plaintiff, who was a boy of about seventeen, met with some friends of about the same age in the bakery, as a loitering place and for the purpose of making certain purchases. Some of the boys had on occasion dropped bottle caps into an empty milk bottle as a sort of game, and on the occasion in question one of the plaintiff's companions lifted the bottle of Coca-Cola from the case and handed it to the plaintiff, with the suggestion that he drop the Coca Cola bottle into the empty milk bottle. Plaintiff turned the Coca-Cola bottle upside down, and inserted its neck into the top of the empty milk bottle, without bringing the two bottles into contact, and then handed it back to his companion. As his companion was in the act of replacing the Coca-Cola bottle in its

case, the bottle exploded, scattering glass, and causing a sliver of glass to enter plaintiff's left eye.

Plaintiff proved that the bottle involved was carefully handled by the driver of the truck from the time that it left the defendant's plant until it was delivered at Rueve's Bakery, and further proved that thereafter it had been kept at the bakery, without molestation, until picked up as set out above. As a basis of recovery, plaintiff relies upon the negligence of the defendant in its alleged failure properly to inspect the bottle and its contents.

Plaintiff has apparently framed his case upon the theory that the rule of res ipsa loquitur applies in cases of this character, and his evidence is so framed as to bring his case within the category of Stolle v. Anheuser-Busch, Inc., 307 Mo. 520, 271 S. W. 497, 39 A. L. R. 1001, and cases discussed in the annotation thereto. The doctrine of res ipsa loquitur assumes, at least prima facie, the existence of negligence from the mere occurrence and injury. Since the principle applies only to cases where the existence of negligence is a more reasonable deduction from the circumstances, it should not be allowed to prevail where, on proof of the occurrence, without more, the matter still rests in conjecture alone. Plaintiff recognizes the limitations of the rule, and seeks to limit the path of logical deduction and to direct its course toward a conclusion of negligence by supplementing the evidence as to the occurrence of the accident with the testimony of two experts, who were permitted to give their opinion to the effect that the bottle was defective, basing their conclusion upon the fact of the accident. It must be borne in mind, however, that the gravamen of plaintiff's action is based upon negligence and not upon any contractual theory such as breach of warranty. The defendant was not, under the circumstances, an insurer, and it was not shown that there was any more reasonably practicable method of inspection used in the industry than the method of inspection admittedly adopted by the defendant. Suppose the bottle *was* defective. A conclusion of negligence could not arise without some showing that the defect could have been discovered by the exercise of ordinary care.

In the case of Coca-Cola Bottling Works v. Shelton,

214 Ky. 118, 282 S. W. 778, it was shown that twenty-seven bottles of Coca-Cola exploded, under a variety of circumstances, at the same place, during the course of the day on which the plaintiff in that case was injured. The court, in its opinion, distinguished the case of Stone v. Van Noy Railroad News Company, 153 Ky. 240, 154 S. W. 1092, where a single bottle of soda pop exploded, and concluded from the fact of the numerous explosions that negligence on the part of the manufacturer might be inferred. No other reasonable deduction could well be made.

This case is more nearly analogous to the case of Stone v. Van Noy Railroad News Company, supra, where the vendor of a bottle of soda pop was held not liable. In the instant case, we are still left to conjecture as to the cause of the defect in the bottle and its contents or whether it was such a defect as might have been discovered by a more thorough inspection. Unless we were prepared to hold defendant as an insurer, it is hard to see how else it could be held responsible without some showing that its opportunity to exercise care was in some measure proportionate to the duty imposed—without some showing that a more thorough inspection would have been effective.

Plaintiff's experts suggest various methods of testing bottles which might be applied, but it is not shown that these tests are commercially practicable or that they would have disclosed the complained-of defect. It was brought out that the method of inspection used by the defendant company was the one ordinarily adopted by similar concerns and that explosions are rare.

We must measure the duty by ordinary standards and by consequences reasonably to be anticipated. Subjected to these criteria, it is clear that the proof falls short of raising any inference of negligence.

Judgment affirmed.