DARREL SLACK *v.* PREMIER-PABST CORPORATION, a corporation of the State of Delaware.

*(April* 6, 1939.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Harold B. Howard* (of Hering, Morris, James and Hitchens) for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 35, September Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

In support of the count of the declaration demurred to, the plaintiff invokes the doctrine of *Res Ipsa Loquitur*. Interpretations of the doctrine will be found in comparatively recent decisions of this Court in *Edmanson v. Wilmington & P. Traction Co.*, 2 *W. W. Harr.* (32 *Del.*) 177, 120 *A.* 923; *Starr v. Starr*, 5 *W. W. Harr.* (35 *Del.*) 556, 170 *A.* 924, and *Thompson v. Cooles*, 7 *W. W. Harr.* (37 *Del.*) 83, 180 *A.* 522.

The rule, being one of evidence, of a limited and restricted scope, and not arbitrary or inexorable in its nature, is to be applied with a cautious judgment and not in a manner to work injustice to a defendant. Apart from circumstances imposing an absolute duty, it is not applied except where the transaction was in the exclusive management of the defendant, and all the elements of the occurrence within his control, and the result is so unaccountable that the defendant's negligence as a proximate cause of injury is the only fair inference to be drawn from the circumstances.

The plaintiff concedes that formerly, by the weight of authority, the doctrine was denied application to injuries caused by bursting bottles in which an ordinary harmless commodity is sold, but he contends that the trend of authority is now to the contrary, and since 1917 no reported case has denied application of the rule in such case with the exception of *Stewart v. Crystal Coca-Cola Bottling Co.*, 50 *Ariz.* 60, 68 *P.* 2d 952.

The Georgia Courts, it is said, were among the first to apply the doctrine of *Res Ipsa Loquitur* to exploding bottles, and *Payne v. Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 762, 73 *S. E.* 1087; *Atlanta Coca-Cola Bottling Co. v. Danneman*, 25 *Ga. App.* 43, 102 *S. E.* 542; *Macon Coca-Cola Bottling Co. v. Crane*, 55 *Ga. App.* 573, 190 *S. E.* 879, and *Georgia-Alabama Coca-Cola Bottling Co. v. White*, 55 *Ga. App.* 706, 191 *S. E.* 265, are cited.

There is, we think, little in the Georgia decisions to sustain the particular count of the declaration under attack. In all of the cases cited specific acts of negligence were averred. In the *Payne case*, the court definitely declined to express an opinion as to whether negligence should be inferred against a bottler of a carbonated beverage upon proof of an explosion of a bottle, without more. In the *Danneman case* it was said that reliance on the doctrine of *Res Ipsa Loquitur* was not necessary, as there was direct proof of the defective character of the bottle. In the *White case*, which arose on demurrer, the petition charged, specifically and sufficiently, several acts of negligence. In the *Crane case*, it was admitted that the decided weight of authority in other jurisdictions denied application of the doctrine to the bursting of a bottle in which an ordinarily harmless commodity is sold; nevertheless, upon the reasoning of the *Payne* case, it was held that the doctrine should apply although the instrumentality which caused the injury was not in the possession, power or

control of the defendant at the time of the occurrence which caused the injury.

The reasoning employed in the *Payne case* was: The bottle exploded. Inferentially some one was negligent. Eliminating, therefore, negligence on the part of those persons through whose hands the bottle had passed from the time of its delivery by the defendant, an inference of negligence remains, and the jury may reasonably infer negligence on the part of the defendant, the bottler.

This reasoning is not acceptable. It ignores the well recognized bases of the doctrine so clearly pointed out in *Chenall v. Palmer Brick Co.*, 117 *Ga.* 106, 43 *S. E.* 443, and the well considered dissenting opinion of Felton, J., in the *Crane case,* exposes its sophistry.

The plaintiff cites the Missouri decisions in *Riecke v. Anheuser-Busch Brewing Ass'n.*, 206 *Mo. App.* 246, 227 *S. W.* 631, and *Stolle v. Anheuser-Busch, Inc.*, 307 *Mo.* 520, 271 *S. W.* 497, 39 *A. L. R.* 1001. In the *Riecke case,* lip service, at least, was paid to the doctrine. The plaintiff, at the defendant's invitation, was injured by the explosion of a bottle while going through its plant on a tour of inspection. It was conceded that the bottle belonged to the defendant, and that it had been under its control from the time of its delivery to it by the bottle manufacturer. There was evidence also that the bottle had been pushed with considerable force by an operator at a table against other bottles thereon, and that it exploded when it struck them. The court, apparently on the theory that the bottle was in the exclusive control of the defendant, held the doctrine applicable. In the *Stolle case,* the plaintiff was injured by the explosion of a bottle of beer sold to her by a dealer. The court, while it noticed the Georgia decision in the *Payne case,* seemed to rest its decision on the case of *Grant v. Graham Chero-Cola Bottling Co.,* 176 *N. C.* 256, 97 *S. E.* 27, 4 *A. L. R.* 1090,

which characterized bottled carbonated beverages as highly dangerous merchandise. In the *Grant case,* specific acts of negligence were charged, and the court did not advert to the doctrine of *Res Ipsa Loquitur.* The decision in the *Stolle case* converts a simple rule of evidence into what, in effect, is a police regulation making the bottler liable as an insurer.

The New York cases cited by the plaintiff do not aid him. In *Willey v. Mynderse,* 165 *App. Div.* 620, 151 *N. Y. S.* 280, one of the specific charges of negligence was that the bottle which exploded and caused the injury was weak and defective. There was evidence tending to show that it had been bought at second hand from a junk dealer, that it was not uniform in thickness, and was otherwise defective. In *Torgesen v. Schultz,* 192 *N. Y.* 156, 84 *N. E.* 956, 18 *L. R. A.* (*N. S.*) 726, 127 *Am. St. Rep.* 894, the state of the pleadings does not appear, but the doctrine of *Res Ipsa Loquitur* was not suggested as a basis of recovery. The plaintiff, a domestic servant, was injured by the explosion of a glass siphon charged at a pressure of 125 pounds to the square inch. It appeared that, while the siphons were tested by the defendant upon their purchase and delivery, they were not tested again after having been returned to him by customers to whom they had been distributed, and the defendant had no means of knowing how many times the siphons had been refilled and sent out. In *Weiser v. Holzman,* 33 *Wash.* 87, 73 *P.* 797, 99 *Am. St. Rep.* 932, the complaint charged that the defendant had sold and delivered to a retailer a dangerous explosive, knowing it to be such, under the name of "champagne cider", without warning the retailer of its dangerous character, and that the plaintiff, an employee of the retailer, was injured by an explosion of a bottle containing the commodity. The complaint also averred negligence in bottling, and in failing to test the bottles. The doctrine under discussion was not mentioned.

The doctrine was applied in *Auzenne v. Gulf Public*

*Service Co.,* (*La. App.*) 181 *So.* 54, the court citing with approval *Stolle v. Anheuser-Busch, Inc., supra.* In *Taylor v. Berner,* 146 *A.* 674, 7 *N. J. Misc.* 597, the Supreme Court of New Jersey, in a *per curiam* opinion without discussing the authorities, held the doctrine applicable to the bursting of a bottle of vichy as against the bottler. The Court of Errors and Appeals (106 *N. J. L.* 469, 150 *A.* 371) likewise with no discussion of the principles of the doctrine or citation of authorities, affirmed the holding. In *Noonan v. Great A. & P. Tea Co.,* 104 *N. J. L.* 136, 139 *A.* 9, 56 *A. L. R.* 590, the applicability of the doctrine was denied, as against a retailer, to the explosion of a bottle of ginger ale.

There are decisions, as in *Dail v. Taylor,* 151 *N. C.* 284, 66 *S. E.* 135, 28 *L. R. A.* (*N. S.*) 949, which hold that the doctrine of *Res Ipsa Loquitur* should not be allowed to apply to the bursting of a bottle of carbonated beverage without more, for, in such case, the matter still rests in conjecture; but, that where this proof is supplemented by proof of the bursting of other bottles of the beverage furnished by the same defendant bottler, an inference of negligence against the bottler is allowed to be drawn by the jury. See, also, *Cashwell v. Fayetteville Pepsi-Cola Bottling Works,* 174 *N. C.* 324, 93 *S. E.* 901; *Winfree v. Coca-Cola Bottling Works,* 19 *Tenn. App.* 144, 83 *S. W. 2d* 903; *Coca-Cola Bottling Works v. Shelton,* 214 *Ky.* 118, 282 *S. W.* 778, where it appeared that on the day of the explosion of a bottle of coca-cola causing the injury complained of twenty seven bottles of the same beverage bottled by the appellant exploded; *Colyar v. Little Rock Bottling Works,* 114 *Ark.* 140, 169 *S. W.* 810, where, however, there was evidence tending to show improper charging of bottles, knowledge of which was imputable to the defendant.

*Sweeney v. Jessup & Moore Paper Co.,* 4 *Penn.* 284, 54 *A.* 954, confidently relied on by the plaintiff, is not in point. There, this Court, without an opinion, applied the

doctrine of *Res Ipsa Loquitur* to an explosion of a wood pulp digester "owned and operated by the defendant". There is no reason to suppose that the Court meant to ignore the basic principles of the doctrine.

Professor Wigmore (5 *Wigmore Ev.*, § 2509) observes that the rule *"Res Ipsa Loquitur"* has spread rapidly in the United States, although with much looseness of phrase and indefiniteness of scope. While not predicting the final accepted shape of the rule, his considered opinion is that it ought to be limited by certain considerations: The instrumentality must be such that in the ordinary instance, no injurious operation is to be expected unless from careless construction, inspection or user; both inspection and user must have been at the time of the injury in the control of the party charged; the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured; and the particular force and justice of the rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him, but inaccessible to the injured person.

The rule which is supported by reason, considerations of justice, and by the decided weight of authority, denies application of the doctrine of *Res Ipsa Loquitur,* as against a bottler, to the explosion of a bottle of carbonated or fermented beverage in the hands of a dealer. *Annotations* 8 *A. L. R.* 501; 39 *A. L. R.* 1006; 56 *A. L. R.* 593; 20 *R. C. L.* 189, 193; *Guinea v. Campbell,* 22 *Quebec O. L. R.* 501; *Wheeler v. Laurel Bottling Works,* 111 *Miss.* 442, 71 *So.* 743, *L. R. A.* 1916 *E,* 1074; *Stewart v. Crystal Coca-Cola Bottling Co.,* 50 *Ariz.* 60, 68 *P. 2d* 952; *Pfefferkorn v. Kanner,* 21 *Cal. App.* 2d 589, 69 *P. 2d* 447; *Glaser v. Seitz,* 35 *Misc.* 341, 71 *N. Y. S.* 942; *Dail v. Taylor, supra; Stone v. Van Noy Railroad News Co.,* 153 *Ky.* 240, 154 *S. W.* 1092;

*Loebig's Guardian v. Coca-Cola Bottling Co.*, 259 *Ky.* 124, 81 *S. W.* 2d 910; *Winfree v. Coca-Cola Bottling Works, supra.*

Bottled beer is a commodity ordinarily harmless. It is not in general to be considered as a dangerous explosive. Glass is a highly inelastic substance, and although it does not become weakened through age alone, yet it is a brittle material, and may become weakened through the application of some physical force. Moreover, the sudden expansion or contraction of its surfaces, sufficient to cause cracks or breaks therein, due to abrupt changes of temperature is a well known physical phenomenon. It is common knowledge that bottled beverages are transported and handled with abandon. It will not do, we think, to say that, as the bottle exploded, inferentially some one was negligent; nor, by a process of exclusion, to permit an inference of negligence to fall upon the bottler after the commodity has passed out of his control. The bottler of carbonated or fermented beverages is not an insurer. There is room in cases such as this for the recognition of the doctrine of unavoidable accident. The existence of negligence is not an ineluctable conclusion. But conceding, arguendo, that negligence on the part of some one must be inferred, the plaintiff must prove facts from which, as a logical, probable and reasonable deduction, the negligence of the defendant is inferred. Its existence cannot be a matter of surmise or conjecture.

The count of the declaration questioned by demurrer charges no more than that the plaintiff, without fault on his part, was injured by the bursting of a bottle of beer bottled by the defendant. Proof of the facts alleged would leave to mere speculation the true cause of the occurrence. It is no more probable that the defendant's negligence was the cause of the explosion and resulting injury, than was the negligence of others who had the management, supervision and control of the bottle after it had been de-

livered safely by the defendant. In such case, the plaintiff must fail. See *Law v. Gallegher,* 9 *W. W. Harr.* (39 *Del.*) 189, 197 *A.* 479.

The doctrine of *Res Ipsa Loquitur* is not applicable to the situation disclosed by the first count of the declaration, and an order will be entered sustaining the demurrer.