DELSIE WILLIAMS and HYLAND WILLIAMS, her husband, Plaintiffs, v. GENERAL BAKING COMPANY, a corporation of the State of New York, and CHESTER SUTTON, Defendants.

(*July* 27, 1953.)

LAYTON, J., sitting.

*Clement C. Wood* (of Young and Wood) for Plaintiffs.

*William Prickett* for Defendants.

Superior Court for New Castle County, No. 348, Civil Action, 1953.

LAYTON, J.:

Paragraph 4 of the statement of claim alleges that Delsie Williams, one of the plaintiffs, bought a loaf of bread baked by defendant, General Baking Co., ate a slice and was injured by shards of glass embedded therein; that defendant, General Baking Co., was guilty of negligence but plaintiff is not aware of the exact nature of the negligent acts. Defendants have moved to strike this paragraph of the complaint because it fails to comply with Rule 9(b) of the *Rules of the Superior Court* requiring negligence to be set out with particularity. Plaintiffs contend that this paragraph presents facts which bring the case within the doctrine of *res ipsa loquitur* in which event the requirements of Rule 9(b) obviously need not be met.

■ In *Slack v. Premier-Pabst Corporation*, 1 *Terry* 97, 5 *A.* 2d 516, Chief Justice Layton said this with respect to the rule of *res ispa loquitur*:

"* * * it is not applied except where the transaction was in the exclusive management of the defendant, and all the elements of the occurrence within his control, and the result is so unaccountable that the defendant's negligence as a proximate cause of injury is the only fair inference to be drawn from the circumstances."

The rule has been stated in substantially this language throughout the many Delaware decisions on this subject. *Edmanson v. Wilmington & Philadelphia Traction Co.*, 2 *W. W. Harr.* 177, 120 *A.* 923; *Thompson v. Cooles*, 7 *W. W. Harr.* 83, 180 *A.* 522; *Starr v. Starr*, 5 *W. W. Harr.* 556, 170 *A.* 924. However, it has also been said that the test of the applicability of the doctrine is not that the facts of the case must compel an inference of negligence—rather that they should warrant the inference with such force as to call for an explanation or rebuttal from defendants. *Delaware Coach Co. v. Reynolds*, 6 *Terry* 226, 71 *A.* 2d 71.

■ The defendants argue very strongly that when this accident happened, the bread was not under their exclusive control and, it is entirely possible that the shards of glass might have worked through the wrapper into the bread at a time long after it left their possession. The fact remains, however, that defendant's agent sold this loaf directly to plaintiffs, and the possibility is remote indeed that the glass became imbedded in the bread while in plaintiff's possession.[1] Moreover, the rule that *res ipsa loquitur* will not be applied unless the thing causing the injury was in defendant's exclusive control at the time of the accident has presumably been somewhat modified by the decision of the Supreme Court in the *Reynolds* case, *supra*.[2]

---

[1] In this connection, plaintiff filed an affidavit which on its face precludes the possibility that glass worked itself into the loaf while in her possession.

[2] The doctrine was applied even though there was a possibility that the sudden stop of the bus which threw plaintiff to floor might have been caused by the action of another car.

I am of the opinion that the facts of this case indicate negligence with such force as to require an explanation. Compare *Ward Baking Co. v. Trizzino,* 27 *Ohio App.* 475, 161 *N. E.* 557; *Doyle v. Continental Baking Co.,* 262 *Mass.* 516, 160 *N. E.* 325. The motion to strike as to paragraph 4 is denied.

The motion to strike is also denied at this time as to allegations of implied warranty contained in paragraph 6(b) Count II, 6(c) Count II, and 6(d) Count II.