MARTHA RIECKE, Respondent, v. ANHEUSER-BUSCH BREWING ASSOCIATION, Appellant.

St. Louis Court of Appeals.   Opinion Filed February 8, 1921.

1. NEGLIGENCE: Presumptive Negligence: Invitee: Res Ipsa Loquitur Doctrine: Applicable to Explosion of Bottle. Where plaintiff with the permission of and at the invitation of defendant when upon a tour of inspection of defendant's plant, where it manufactures a non-intoxicating beverage called "Bevo," and while thus engaged plaintiff received injuries by reason of the explosion of a bottle of Bevo, *held*, under the facts, the doctrine of presumptive negligence was properly applied to the case and that the court below did not err in so ruling.

2. DAMAGES: Excessive Damages: Permanent Injury to Girl's Nose: $1000 not Excessive. Where a young girl nineteen years of age was injured whilst upon a tour of inspection of defendant's brewing plant, by a bottle of beverage exploding and a piece of glass striking her on the end of her nose, making a cut from a quarter to a half inch in length, leaving a permanent scar; that as a result thereof there was a numbness and loss of sensation: that the plaintiff formerly had a well formed, pointed nose, the shape of which was changed by the injury, making it blunt, which caused the plaintiff embarrassment and prevented her from going out to social affairs, *held* a verdict of $1000 was not excessive.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Kent K. Koerner,* Judge.

AFFIRMED.

*Nagel & Kirby, Everett Paul Griffin* and *Oliver T. Remmers* for appellant.

(1) The verdict, assuming that the plaintiff was entitled to recover at all, was grossly excessive. Mitchell v. United Railways Co., 125 Mo. App. 1; St. L., I. M. & S. Ry. Co. v. Woodruff, 89 Ark. 9; Weiner v. Minneapolis Street Ry. Co., 80 Minn. 312; Central Texas & N. W. Ry. Co. v. Gibson, 35 Tex. Civ. App—; Martagna v. Aztec Asphalt Co., 154 N. Y. Supp. 184. (2) The court erred in giving instruction No. 1 for the plaintiff in that it instructed the jury that negligence was presumed on the part of the defendant by reason of the fact that the bottle of Bevo referred to in the evidence exploded. The doctrine of *res ipsa loquitur* does not apply in this case. Wheeler v. Laurel Bottling Works, 111 Miss. 442; Glaser v. Seitz, 71 N. Y. Supp. 942; Stone v. Van Noy R. News Co., 153 Ky. 240; Bates v. Batey & Co., 1913, 3 K. B. (Eng.) 351; Burnham v. Lincoln, 225 Mass. 408; Guinea v. Campbell, Rep. Jud., Quebec, 22 C. S. 257. (3) The court committed error in failing to give the defendant's instructions Nos. 2, 3 and 4.

*Edward W. Foristel* and *Frank H. Haskins* for respondent.

(1) This case is within the doctrine of *res ipsa loquitur*. Payne v. Rome Coca Cola Bottling Co., 10 Ga. App. 762. (2) Where an accident is such as under ordinary circumstances does not happen if those who have the management use proper care it creates a presumption of negligence. Johnson v. Railway, 104 Mo. App. 588; Gallagher v. Edison, 72 Mo. App. 576; Orcutt v. Century Bldg., 214 Mo. 35. (3) An explosion creates a prima-facie presumption of negligence and the doctrine of *res ipsa loquitur* applies. Rose v. Stephens Trans. Co., 20 Blac. 411; I. C. R. R. v. Phillips, 55 Ill. 294; Spear v. P. W. & B. R. Co., 119 Pa. 61; Posey v. Scoville, 10 Fed. Rep. 140. (4) The verdict was not excessive.

BIGGS, C.—With the permission of and at the invitation of defendant, plaintiff went upon a tour of inspection of defendant's plant, where it manufactures a non-intoxicating beverage called Bevo. While thus engaged plaintiff received injuries by reason of the explosion of a bottle of Bevo, and on account thereof she recovered a judgment for $1,000, from which defendant has appealed.

Two questions are presented: namely, (1) whether the facts warrant the application of the doctrine of *res ipsa loquitur;* and (2) whether the verdict and judgment are excessive.

The charge was general negligence, and plaintiff relies entirely upon the application of the doctrine of presumptive negligence to the facts in evidence. The jury were instructed that if they believed from the evidence that whilst plaintiff was in the plant, a bottle filled with liquid, which was being handled by one of defendant's servants, exploded and a piece of glass struck and injured plaintiff, and that the contents of said bottle was manufactured and placed in said bottle by defendant, that the law presumes that the explosion of the bottle and the consequent injury to plaintiff was caused by defendant's negligence, and that the verdict should be for plaintiff unless the jury should find that notwithstanding this presumption said explosion and injury to plaintiff was not caused by negligence on the part of defendant.

The facts are these: While inspecting the plant at the invitation of defendant and under the guidance of an employee, plaintiff with others arrived at what is termed the "Bevo Room," and while watching a girl employee of defendant place labels on bottles of Bevo, one of the bottles exploded and a piece of glass struck plaintiff an the end of her nose. At the time, plaintiff was standing about six feet from the girl labeling the bottles. It appeared that the bottles were on a long table and the girl employee would push them from her after

labeling each and that she pushed one with considerable force and when it hit the others it exploded. It was conceded that the bottle belonged to defendant; that the contents was manufactured and put in the bottle by defendant, and that it was in the hands of and under the control of defendant from the time they received the bottles from the glass manufacturers until the explosion. It appeared that defendant purchased all its bottles from three manufacturers; that they bought only the highest grade of bottles; that a part of each order of bottles was tested before purchase, and that all of the bottles were made from a steel mold, which was also examined and tested by the defendant before it was used in the manufacture of bottles.

It was shown by defendant that Bevo was not naturally an explosive substance and is not a highly charged liquid, but that if too much gas were put in the bottle it would burst. According to one of defendant's witnesses, this was the first time that a bottle had ever exploded.

It is not contended by the plaintiff that there is any direct evidence of negligence on the part of defendant that caused the explosion, but the plaintiff relies entirely upon the presumption that arises from a showing that the explosion occurred. It is asserted that from the fact of the explosion under the conditions and circumstances, the law presumes some negligent act on the part of the defendant, and that the burden was then cast upon the defendant to acquit itself of negligence which arose against it by reason of the presumption.

Defendant has cited us to several cases from other jurisdictions, which hold that the mere explosion of a bottle filled with a liquid charged with gas to the injury of another, does not raise a presumption of negligence, and hence it was incumbent upon the plaintiff to prove some specific act of negligence on the part of the defendant. [Wheeler v. Laurel Bottling Works, 111 Miss. 442; Glaser v. Seitz, 71 N. Y. Supp. 942; Stone v. Van Noy News Company, 153 Ky, 240, 154 S. W. 1092; Bates

v. Batey & Co., 1913 3 K. B. (Eng.) 351; Guinea v. Campbell, 22 Quebec S. C.—.]. In these cases either the plaintiff did not rely upon the doctrine of *res ipsa loquitur,* or else the bottle that exploded was no longer in the hands of the defendant, but had passed from it, and at the time of the explosion was under the control of another.   The cases referred to are not authoritative in support of defendant's position, as the facts of this case are entirely different from the facts in the cases referred to.

The case of Payne v. Rome Coca Cola Company, 10 Ga. App. 762, applies the doctrine even to a case where the bottle exploded in the hands of a dealer, and where the bottle had passed through several hands since leaving the possession of the defendant.   This was upon the theory that the evidence showed that due care had been exercised by all of the parties who handled the product since it left the defendant's possession, and upon this proof the burden was then cast upon the defendant to show that it was free from negligence in the manufacture of the bottle and its contents.

The maxim *res ipsa loquitur* applies to those cases, where the facts show that the more occurrence of the injury or accident implies a breach of duty on the part of the defendant; or, in other words, which tends to show some neglect or omission of duty as the proximate case of the injury.   The maxim is applied where a wrong by one has resulted in an injury to another, which is unusual in character, and which does not ordinarily happen provided proper care is taken, and where the facts showing the cause of the injury or the reasons for the happening of the event are peculiarly within the knowledge of the perpetrator.

In the present case, the contents of the bottle was manufactured by and placed in the bottle by defendant, and the bottle was in charge of and under the exclusive control of the defendant until the time of the explosion. And further, the contents of the bottle was ordinarily harmless and when properly handled would not explode.

The reasons for and the cause of the explosion were peculiarly within the knowledge of the defendant.

The rule has been stated and applied by the Missouri courts to cases of a like nature, that is, to cases of a stranger or invitee as distinguished from a passenger collision case or a master and servant case where a contractual relation exists between the plaintiff and defendant. For instance, in the case of Gallagher v. Edison Illuminating Company, 72 Mo. App. 576, the doctrine was applied to a case where an arc lamp, under the control of defendant and suspended over the middle of the street, fell striking and injuring plaintiff. Also in the case of Johnson v. Railway, 104 Mo. App. 588, 1. c. 592, 78 S. W. 275, where the rule was applied to a falling crowbar from an upper floor of a building owned by and under the control of defendant which struck the plantiff who was standing below. And in Thompson v. Railroad, 243 Mo. 336, 148 S. W. 484, where the plaintiff rightfully upon defendant's station platform was struck by a car door swinging outward over the platform from a moving train, it was held that the maxim *res ipsa loquitur* should be applied, and that such facts established a prima *facie* presumption of negligence.

Other Missouri cases where the doctrine is applied are: Gannon v. Gas Company, 145 Mo. 502, 47 S. W. 907; Seiter v. Bischoff, 63 Mo. App. 157; Cleary v. Transit Company, 108 Mo. App. 433, 83 S. W. 1029.

Guided by the principles enunciated in these decisions, we think under the facts the doctrine of presumptive negligence was properly applied to this case, and that the court below did not err in so ruling.

We are asked by the defendant to rule that the verdict and judgment of $1,000 was so excessive as to indicate passion and prejudice on the part of the jury. Plaintiff was a young girl, 19 years of age, and her evidence tended to show that when the bottle exploded a piece of glass struck her on the end of her nose, making a cut from a quarter to a half inch in length, which

healed promptly but left a permanent scar; that as a result thereof there was a numbness and loss of sensation which, according to the physician who testified, was probably due to the severing of the blood supply or injury to the nerve; that the plaintiff formerly had a well formed pointed nose, the shape of which was changed by the injury, making it blunt, which caused the plantiff embarrassment and prevented her from going out to social affairs. The testimony further tended to prove that her nose frequently would become red and swollen, and at other times would turn blue, remaining in that condition for several days, and that these conditions were permanent. Considering the fact that plaintiff was a girl 19 years of age and has had her face marred by a permanent scar, we do not think the verdict excessive.

The defendant complains of the refusal of the Court to give certain instructions, which instructions, however, are based entirely on the theory that the doctrine of *res ipsa loquitur* cannot apply to the facts of the case. As we have held otherwise, the Court was correct in refusing the instructions. [Price v. Metropolitan Street Railway, company. 220 Mo. 435 119 S. W. 932.]

No error appearing in the record, the judgment should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the Court. The judgment of the Circuit Court is accordingly affirmed. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.