## SHROPSHIRE v. JONES.
### No. 10531.

Court of Civil Appeals of Texas.
San Antonio.
May 24, 1939.

J. E. Shropshire, of Brady, in pro. per.

John C. Hoyo, of San Antonio, for appellee.

SMITH, Chief Justice.

Prior to the year 1936, Elliott Jones, "Attorney in Fact for all the Underwriters of Lloyds America," instituted two suits in the 45th Judicial District Court, one against W. A. Shropshire, and the other against J. E. Shropshire. The two suits were to recover the amounts accrued and to accrue upon certain "subscription" notes executed by the Shropshires, respectively, as "underwriters of Lloyds America." The suit against W. A. Shropshire was first tried and judgment was rendered against him in favor of Jones for a specific amount. W. A. Shropshire appealed from that judgment to this Court, and that judgment was here affirmed. 104 S.W.2d 1119. Writ of error was dismissed for want of jurisdiction by the Supreme Court, and the judgment thereupon became final.

The case against J. E. Shropshire was called for trial a few days after the trial of the W. A. Shropshire case, whereupon the parties entered into an agreement whereby it was stipulated that the case be "continued from term to term, without prejudice to any of the rights of any of the parties thereto, until final decision rendered, whether in trial court, in Court of Civil Appeals or in Supreme Court of Texas, in cause No. B–78,600, entitled Elliott Jones et al. v. W. A. Shropshire, and further that if and whenever final judgment in W. A. Shropshire case shall be rendered in favor of plaintiff therein, in whatsoever court, then and immediately thereupon said 45th Judicial District Court shall render similar judgment in No. B–78,601, Jones et al. v. J. E. Shropshire, such judgment to be for whole amount then owing by J. E. Shropshire upon the cause of action asserted against him in pleadings of plaintiffs. * * * 3rd: If

said judgment against W. A. Shropshire shall be affirmed, in Court of Civil Appeals or in Supreme Court, then and in that event said J. E. Shropshire will take no appeal or writ of error in the case against him: * * *" In that agreement it was further stipulated, in the alternative, that if the judgment in the W. A. Shropshire case be reversed and rendered in this Court or the Supreme Court, then the trial court should immediately render judgment in favor of appellant in this case; or if such judgment be reversed and remanded, then the present case against appellant shall remain in statu quo to abide final judgment in the W. A. Shropshire case.

In accordance with said agreement, when the judgment against W. A. Shropshire became final, the trial court took up this case against appellant, as provided in said agreement, ascertained the amount which had accrued upon his obligation and rendered judgment therefor in favor of appellee against him for that amount. J. E. Shropshire has appealed.

■ In his first, second, third and fourth propositions appellant questions the authority of Elliott Jones, as attorney in fact, to maintain this suit under the contract from which he derives his powers. That contract does not appear in the briefs, in hæc verba or in substance, and this Court is under no duty to search the record for it, and, finding it, search for and identify the provisions or clauses or sentences upon which appellant relies to support his propositions, which, for lack of better statement, cannot be considered.

■ In his fifth proposition appellant contends that the court erred in rendering judgment for more than the sum pleaded. The agreement of the parties was that judgment should be rendered in favor of appellee against appellant for the "whole amount then owing upon the cause of action asserted against him in pleadings of plaintiff." In his pleading plaintiff alleged that the sum of $875 was then due upon appellant's obligations, but prayed for judgment for whatever amount might have accrued up to the time of trial. The judgment rendered was in pursuance of that pleading. The proposition is overruled.

■ In his sixth proposition appellant challenges the trial court's finding of the amount due on appellant's obligations. We overrule the proposition. There was evidence to support the finding, which

is binding upon this Court. In his seventh proposition appellant contends that the obligations sued on were barred by "limitations, laches and stale demand." We overrule the proposition as obviously without merit.

■ As a matter of fact, under his solemn agreement appellant was cut off from all defenses to this suit, except as he might question the amount to be adjudged against him. Under that agreement appellee was ipso facto entitled to judgment in this upon the dismissal of W. A. Shropshire's application for writ of error by the Supreme Court.

The judgment is affirmed.