BENKENDORFER et al. v. GARRETT et al.

No. 10735.

Court of Civil Appeals of Texas. San Antonio.

Oct. 9, 1940.

Rehearing Denied Oct. 30, 1940.

Boone, Henderson, Boone & Davis and Allen V. Davis, all of Corpus Christi, for appellants.

Thomas J. Newton and J. Marvin Ericson, both of Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal from a judgment of the 117th District Court of Nueces County awarding plaintiff, G. O. Garrett, a judgment for $700 against defendants, J. M. Benkendorfer and J. P. Benkendorfer, who have appealed.

The parties will be designated as in the trial court.

Upon proper request, the trial judge filed his findings of fact and conclusions of law which sufficiently state the nature of plaintiff's claim. The trial court found that defendants were operating a partnership in Corpus Christi under the name and style of "Dr. Pepper Bottling Company," manufacturing and delivering to retail dealers a certain beverage under the trade name of "Dr. Pepper." That on October 8, 1938, the defendants, through a servant or agent, delivered to plaintiff, a retail dealer in the City of Corpus Christi, a number of bottles of Dr. Pepper. That two days later, on October 10th, one of said bottles exploded as plaintiff took hold of it for the purpose of removing it from its case and placing it in a beverage cooler, resulting in injuries to plaintiff's right hand. The trial court further found from "clear and convincing evidence," that the bottle which exploded remained with several other bottles of the beverage in the case in which it was delivered to plaintiff from the time of such delivery until the explosion occurred; that said bottle was not moved or molested by any one, save and except that the case in which the bottle was resting was shifted to the top of the box of another case of Dr. Pepper by a servant of the defendants on the day after delivery thereof, that is on the 9th day of October.

The court further found that the plaintiff had no knowledge of the reason which caused the bottle to explode; that all the facts and circumstances surrounding and concerning the manufacture, bottling, capping and handling of said bottle of Dr. Pepper were peculiarly within the knowledge of defendants, their servants and agents.

The court further found that the defendants were negligent in the manner in which they manufactured, bottled, capped and delivered the bottle of Dr. Pepper to plaintiff's store; that such negligence was the proximate cause of the explosion and the resulting injury and damage in the sum of $700.

The trial court concluded as a matter of law that the doctrine of res ipsa loquitur applied to the facts of this case. The defendants, as appellants before this Court, attack this conclusion as well as the fact findings upon which it is based. If defendants are correct in the contention that the doctrine of res ipsa loquitur has no application the case must be reversed. The plaintiff in this court urged no other theory to sustain the judgment.

In our opinion neither the plaintiff nor defendants have cited a Texas authority which is controlling in the particular fact situation presented by the record here, and we have been unable to find such a case. The nearest Texas case on the facts is that of Alagood v. Coca Cola Bottling Co., Tex.Civ.App., 135 S.W.2d 1056, 1061, by the Fort Worth Court of Civil Appeals, writ dismissed WOJ correct judgment.

In the Fort Worth case, it appeared that Mrs. Alagood, one of the appellants, was injured when a glass bottle filled with carbonated beverage by one of the appellees exploded. The jury verdict in the case was adverse to the appellants upon certain acts of negligence alleged. Appellants' petition did, however, contain an alternative count based upon the res ipsa loquitur theory, and the opinion of the Fort Worth Court of Civil Appeals discusses this doctrine as applied to the particular facts of that case. In that opinion it is said: "We have some doubt that the rule of res ipsa loquitur finds any application to this case. It requires a very liberal construction of the principle involved in that expression to bring this case within the rule. From the evidence it is indisputably true that defendant chose the bottles in which to place its

manufactured beverage and to thus sell it to the plaintiffs, who were dealers and expected to resell to consuming customers. That after plaintiffs received the bottle of coca cola from defendant's deliveryman, it sat on the floor of the store for a period of time not shown, and when plaintiffs attempted to place it in the refrigerator, it exploded and injured Mrs. Alagood. From this it will be seen that the offending object, which inflicted the injury, was not in the possession or control of defendant at the time of the casualty. *How long it had been in the complete custody and control of plaintiffs, and what, if anything, had happened to the bottle while in plaintiffs' possession, does not appear in the evidence.*

The case at bar differs from the Alagood case in that here the trial court found that the particular bottle of Dr. Pepper which exploded was not moved or molested by any one from the time of its delivery until the explosion occurred, except in the particular instance mentioned in the court's findings when the case in which the bottle was situated was moved by one of defendants' servants.

This matter of defendants' liability presents two questions:

1. Does the finding of the trial court that the bottle which exploded was not tampered with or molested in any way from the time of its delivery to plaintiff's store until the explosion, render the doctrine of res ipsa loquitur applicable?

2. If the first question be answered in the affirmative, then is the trial court's finding supported by the evidence?

The statement contained in Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 418, 57 L.Ed. 815, Ann.Cas.1914D, 905, relating to the doctrine of res ipsa loquitur, has been approved by Texas Appellate Courts (Gulf, C. & S. F. Ry. Co. v. Dunman, Tex.Com.App., 27 S.W.2d 116, 72 A.L.R. 90; Alagood v. Coca Cola Bottling Company, supra), and is as follows: "In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that

they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff. Such, we think, is the view generally taken of the matter in well-considered judicial opinions."

There are certain fact situations which render the doctrine of res ipsa loquitur inapplicable. Some of these are set out in the Alagood case.

" * * * where the evidence shows that the accident may have happened as the result of one of two or more causes, and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the doctrine of res ipsa loquitur does not apply." Davis v. Castile, Tex.Com.App., 257 S.W. 870, 872.

Before the doctrine can be applied "the evidence must show that the thing causing the accident was under the control of the defendant at the time of the accident." Alagood v. Coca Cola Bottling Co., supra; Carter Oil Co. v. Independent Torpedo Co., 107 Okl. 209, 232 P. 419; Slater v. Barnes, 241 N.Y. 284, 149 N.E. 859.

There are however fundamental factors which differentiate cases "involving merchandise inflicting injury upon first or prior to being put to its intended use, especially food and drink intended for human consumption, marketed in sealed containers," Tayer v. York Ice Machinery Company, 342 Mo. 912, 119 S.W.2d 240, 244, 117 A.L.R. 1414, from other cases in which the doctrine is sought to be applied. In such cases, it is not necessary that the instrumentality causing the injury be within the physical control of the person sought to be held liable under the doctrine.

As stated in the case of Goldman & Freiman Bottling Co. v. Sindell, 140 Md. 488, 117 A. 866, 871: "There is nothing * * * in the reason for the rule [res ipsa loquitur] or in the principles upon which it is founded to support the contention that its application is limited to cases where the injurious agency is in the control of the defendant at the time of the injury, but it is sufficient if it appears that such agency was in his control at the time of the negligent act which caused the injury."

In the case of Payne v. Rome Coca-Cola Bottling Co., 10 Ga.App. 762, 73 S.E. 1087, 1088, it is said: "Granting, for the sake of the argument, that, prima facie, inferential negligence will be imputed to the person who sold the bottle to plaintiff's brother, or to the brother himself, the inference is completely rebutted when it affirmatively appears, as it does here, that neither was at fault, that neither handled the bottle improperly, or did anything to change the condition from that in which it was when received. Since for every effect there is a cause, where negligence exists, some one must have been the responsible author. If he can be found, it is right that he should pay the penalty. The bottle exploded. Inferentially some one was negligent. It was not Cook, the last vender of the bottle, nor the plaintiff's brother, nor the plaintiff, nor yet Barnett, because they all stand exonerated by direct or circumstantial evidence of their freedom from fault. But the inference of negligence remains, and some one is prima facie to blame. By a process of elimination we get back to the manufacturer, who set the dangerous agency in motion, and upon whom the blame ought inferentially to be fastened."

The case of Stolle v. Anheuser-Busch, 307 Mo. 520, 271 S.W. 497, 499, 39 A.L.R. 1001, is similar upon the facts to the case at bar. The plaintiff sued for the loss of services of his wife and medical and other expenses incurred as a result of personal injuries to her caused by an explosion of a bottle of Budweiser. The petition alleged that plaintiff's wife was in a butcher shop when a customer set a bottle of Budweiser upon the counter, which had been purchased from an adjoining grocery store, and where a few minutes later it exploded and injured plaintiff's wife. A demurrer to the petition was sustained and the Supreme Court of Missouri in reversing this ruling quotes with approval from Riecke v. Anheuser-Busch Brewing Ass'n, 206 Mo. App. 246, 227 S.W. 631, 632, the following with reference to the Payne case above mentioned: " 'The case of Payne v. Rome Coca-Cola Co. [supra], applies the doctrine even to a case where the bottle exploded in the hands of a dealer, and where the bottle had passed through several hands since leaving the possession of the defendant. This was upon the theory that the evidence showed that due care had been exercised by all of the parties who handled the prod-

uct since it left the defendant's possession, and upon this proof the burden was then cast upon the defendant to show that it was free from negligence in the manufacture of the bottle and its contents.' "

In the case of Tayer v. York Ice Machinery Corporation, supra, the Supreme Court of Missouri said: "The Stolle Case affords interesting study for analysis when read in the light of the cases therein mentioned (also cited by respondent). They, broadly speaking, apply the rule to cases wherein a sealed bottle of carbonated beverage explodes *when supported by attending testimony establishing the proper handling of the bottle subsequent to its leaving the control of the manufacturer of the beverage.*" (Italics ours)

The defendants cite the case of Loebig's Guardian v. Coca-Cola Bottling Company, 259 Ky. 124, 81 S.W.2d 910. Certain expressions in that case are contrary to the holdings of Payne v. Rome Coca-Cola Bottling Co., supra, and Stolle v. Anheuser-Busch, supra, particularly in that the Kentucky Court of Appeals apparently gives no weight to the proof that the particular bottle involved was kept at its place of delivery without molestation until picked up immediately prior to its explosion.

We are of the opinion that the greater weight of American authority and better reasoning support the rule annunciated by the Georgia and Missouri Courts in the cases above discussed. We therefore hold that the trial court's finding that the bottle in question was not molested or moved in any way, except by defendants' servant, from the time of delivery until the explosion, rendered the doctrine of res ipsa loquitur applicable, and, further, that the trial court in applying the doctrine was authorized to draw the conclusion that the explosion of the bottle was the result of the negligence of defendants.

We have examined the evidence relied upon to support the trial court's finding in the particular above discussed, and conclude that defendants' assignments attacking the finding as being without support of the evidence are not well taken. Defendants seemingly contend that plaintiff was under the burden of proving conclusively that nothing could have happened to the bottle while in plaintiff's possession which might have weakened the bottle or caused the explosion. For instance, it is insisted that plaintiff's proof is insufficient

because he was unable to testify positively that none of his employees had moved the bottle or that a small child had not thrown or dropped something, hitting the bottle. It was incumbent upon plaintiff to establish that nothing had happened to the bottle while in his possession which would have contributed to or caused the explosion. His burden was to establish this fact, like any other fact, by a preponderance of the evidence, and not beyond a peradventure.

Defendants further contend that the amount of damages—$700—was excessive considering the extent of plaintiff's injury. In connection with defendants' assignment, we have examined plaintiff's testimony as well as that of a physician who was a witness in the case. The real issue involved is the credibility of plaintiff as a witness, and this is a matter within the jurisdiction of the trial court as the trier of fact issues. Taking plaintiff's testimony as to his injuries and resultant suffering as true (as we necessarily must do in view of the trial court's holding), we can not say that the award of damages in the judgment is excessive. Morris v. Drescher, Tex.Civ.App., 123 S.W.2d 958; Shropshire v. Jones, Tex.Civ.App., 129 S.W.2d 480; Burnett v. Anderson, Tex.Civ.App., 207 S.W. 540.

Finding no reversible error, defendants' assignments are overruled and the judgment of the trial court is affirmed.