Emmett O. COLEMAN, Appellant,

v.

HUDSON GAS & OIL CORPORATION,
Appellee.

No. 6999.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 4, 1969.

Rehearing Denied Sept. 25, 1969.

Waldman & Smallwood, Beaumont, for appellant.

Barnes & Barnes, Mehaffey, Weber, Keith & Gonsolin, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages for personal injuries sustained by plaintiff, Emmett O. Coleman. Trial was by jury, and judgment was rendered for defendant, Hudson Gas & Oil Corporation, non obstante veredicto, that plaintiff take nothing. The parties will be referred to here as they were in the trial court. This is the second appeal of this case, our first opinion appearing in Tex.Civ.App., 403 S.W.2d 482. Upon the first trial, an instructed verdict was rendered for defendant at the close of plaintiff's testimony.

On the first appeal the case was reversed and remanded for a new trial.

Plaintiff was injured while working in the course of his employment with Bannister Construction Company, hereinafter called "Bannister." Defendant had contracted with Bannister, an oilfield repair outfit, to do some maintenance and repair work on a high pressure gas system located on defendant's leasehold. Plaintiff was injured when the unit he was repairing blew out.

Plaintiff had alleged, in substance: That defendant was in the business of producing and marketing gas, oil and other petroleum products, and had contracted with Bannister to do certain repair work, including the removal of an adjustable choke. That this choke was a part of a high pressure gas transmittal system, and could be worked on only when the gas had been bled down so there was no pressure on the line. That defendant had agreed to do the bleeding of the line so Bannister and its employees could perform their work. That defendant's failure to bleed the line caused the gas to be trapped in the line so that it exploded when the work was begun. That defendant's failure to bleed the line was negligence and a proximate cause of plaintiff's injuries. That defendant knew, or, in the exercise of ordinary care, should have known that the gas had accumulated in the line and should have exercised ordinary care in inspecting the lines to discover the presence of the gas, and should have warned plaintiff of the presence of the gas. That defendant's failure to inspect and warn plaintiff constituted failure of defendant to keep its premises in a reasonably safe condition so as to prevent injury to the plaintiff.

The findings of the jury, material to this appeal, were as follows: That defendant represented to plaintiff that the lines had been bled free of gas. That plaintiff relied upon such representation. That such

representation was not negligence. That defendant had agreed to bleed the gas from the line. That defendant failed to remove the gas from the line. That defendant's failure to remove the gas from the line was negligence and a proximate cause of the accident in question. That defendant's employee, Robert Sharp, did not cause the body of the adjustable choke to be struck with a hammer. That defendant failed to have a bleeder valve on the upstream side of the adjustable choke, but such failure was not negligence. That the accident in question was not the result of an unavoidable accident.

Plaintiff's first series of points complain of the action of the trial court in granting defendant's motion for judgment non obstante veredicto in view of the jury findings that defendant's failure to remove the gas from the line was negligence and a proximate cause of this accident. It is defendant's contention that these findings are immaterial in that, as submitted, no specific act of negligence on the part of defendant was inquired about and, therefore, these issues assumed defendant to be an insurer.

■ As we stated in our former opinion, defendant was required to keep the premises upon which this incident occurred in a reasonably safe condition for plaintiff, which included a duty to inspect and discover dangerous conditions.

■ The dangerous condition in this case, at the outset, was the presence of the gas in the line. Both plaintiff and defendant knew of that particular danger and, therefore, there was no duty on the part of defendant to warn plaintiff of that condition. The jury found that defendant had agreed to bleed the gas from the line and there is no suggestion that such finding is not supported by the evidence. The evidence also shows defendant undertook the job of bleeding the line, and it is also clear that all of the gas was not removed from the line, and the ultimate result was the incident causing plaintiff's injuries. This chain of events means the real dangerous condition was the presence of the gas in the line after defendant attempted to remove it. Under the law, in this case, defendant was under a duty to protect plaintiff from dangers of which defendant knew, or (because of its duty to inspect) of which defendant should have known in the exercise of ordinary care. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup., 1963). Further, under the law of this Supreme Court case, if there were dangers which were not open and obvious, defendant was under a duty to take such precautions as a reasonably prudent person would take to protect plaintiff from such danger, or to warn plaintiff of such danger. We do not consider the real danger in this case, under the evidence, to have been open and obvious. Therefore, under this Supreme Court case, plaintiff had the burden of proving not only that he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm, but also to prove that defendant owed him a duty to take reasonable precaution to protect him or to warn him of such danger. That is, plaintiff had to negative "no duty." Plaintiff failed to secure jury findings which would support a judgment in his favor.

■ In the first place, the evidence does not show that defendant knew some of the gas was in the line after the attempted bleeding. The evidence, being conflicting, does not establish as a matter of law that defendant should have known of such danger in the exercise of ordinary care, and no such issue was submitted to the jury. Further, no issue was submitted to establish that defendant failed to take such precautions that an ordinary prudent person would take to protect plaintiff from such danger, or that defendant failed to take such precautions that an ordinary prudent person would take to warn plaintiff of such danger, and neither of these

were established as a matter of law. The issues upon which plaintiff seeks to rely do not answer the ultimate questions, and mere findings that the failure of defendant to bleed the line was negligence and a proximate cause cannot form the basis for a judgment for plaintiff. The trial court properly granted the motion for judgment non obstante veredicto.

Plaintiff's only other point of error is that the trial court erred in sustaining an exception to that portion of plaintiff's petition alleging res ipsa loquitur. Such pleading read as follows:

"7.

"Plaintiff would further respectfully show that, as hereinabove set out, at all times prior to February 16, 1959, defendant exclusively owned, and its agents, servants or employees, had exclusive control over the management and operation of the low temperature extracting unit in question, and that at all times prior to February 16, 1959, defendant, through its agents, servants or employees, had exclusive control of the operation and maintenance of said unit. Plaintiff would further show that on the occasion in question, defendant, through its agents, servants and employees, acting in the course and scope of their employment, had dual or joint control over said unit with the employees of Bannister Construction Company. That the accident made the basis of this suit is one which would not have but for the negligence of those who had exclusive control, or in the alternative, partial control, of the said low temperature extracting unit. That in consequence of the foregoing, plaintiff relies upon the doctrine of res ipsa loquitur as grounds for recovery herein."

Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659 (1935), is a case in which plaintiff sued because of injuries sustained when a trolley wire end swung through a window and struck him. The following statement is made:

"An essential allegation necessary to warrant its [res ipsa rule] application in a case in which defectiveness of equipment is alleged is that the management and control of the equipment which produced the injury shall be with the defendant exclusively."

See also Jones v. Nafco Oil & Gas, Inc., 380 S.W.2d 570 (Tex.Sup., 1964), in which it was held the evidence failed to show that defendant had exclusive control of the facilities, and, therefore, the doctrine of res ipsa loquitur was not applicable.

Some Texas cases indicate that exclusive control must be at the time of the accident, while others state it is sufficient if it appears that defendant was in control at the time of the negligent act which caused the injury. See Benkendorfer v. Garrett, 143 S.W.2d 1020 (San Antonio, Tex.Civ.App., 1940, error dism.), for a good discussion of these matters. The Benkendorfer case involved an exploding bottle.

An examination of plaintiff's pleading of res ipsa loquitur, in this case, shows that he alleged defendant had exclusive control prior to February 16, 1959, but that on the occasion in question (February 16, 1959), the defendant had dual or joint control over the said unit with the employees of Bannister. Therefore, plaintiff neither alleged that defendant had exclusive control at the time of the injury nor at the time of the negligent act which caused the injury. The special exception was sustained to the pleading contained in plaintiff's Ninth Amended Original Petition, and the record shows a Tenth and Eleventh Amended Original Petition, neither of which contained any mention of res ipsa loquitur. This point of error is overruled.

Affirmed.

KEITH, J., not sitting.