Common Pleas Court of Cuyahoga County.

HERMAN BIRN V. COCA COLA BOTTLING CORP.*

Decided March 14, 1933.

*Rocker & Schwartz*, for plaintiff.
*Otto G. Graeff*, for defendant.

GEORGE B. HARRIS, J.

In this case plaintiff has disclosed that he was the operator of a small restaurant or lunch counter business in the vicinity of East 55th street and Woodland avenue in Cleveland; that for some little time he had been purchasing Coca Cola in wooden cases containing two dozen small bottles from the defendant; that on the 5th of August, 1930, defendant's driver delivered several cases at plaintiff's place of business during the morning, and plaintiff placed these bottles in the rear of his place of business; that it was a very hot day; that late in the afternoon of that day he carried a case of Coca Cola forward to his ice box, lifted up the lid of the ice box at a place which was full of ice cold water, took a bottle of Coca Cola out of the case with his right hand and put it into the ice cold water; that immediately there was an explosion which shattered the bottle, portions of which severely cut his right arm.

There was no further evidence as to the cause of the injury. Defendant interposed a motion to arrest the testimony from the jury and enter a judgment of non-suit.

*Affirmed by the Court of Appeals February 28, 1934.

A careful examination of the Ohio authorities fails to disclose any reported case of a similar nature in this state. The plaintiff relies upon the doctrine of *res ipsa loquitur* and upon that alone. I have read and studied all of the American authorities, and some of the English and Canadian cases on this subject, and practically all of the adjudications occurred during the present century, probably owing to the fact that the business of selling soft or carbonated water drinks in small bottles has had its greatest development during this period of time. All of the cases reviewed have been presented as tort actions.

In 1902 the Superior Court of Quebec decided the case of *Guinea* v. *Campbell*, R. J., C. S. Queb. 22, page 257. In this case a girl of eleven years of age was injured by the bursting of a bottle of cream soda which had been sold to her father by the defendant, a manufacturer of soda water. The cause of the accident was not definitely ascertained, but it appeared to be a sudden explosion of the bottle taken from the refrigerator, when exposed to the warm air, or, perhaps, some unknown fault or inequality in the glass itself. The court held that whether the accident was attributable to the sudden change of temperature or to an unknown defect in the glass, defendant, as vendor, was not responsible, it being either the result of imprudence on the part of the girl or a case of unavoidable accident.

In 1901 the Supreme Court in New York county, New York, decided the case of *Glaser* v. *Seitz, et al.*, 71 N. Y. Supp., 942. Here was a case where the plaintiff purchased a syphon of seltzer water which exploded. There being no further evidence of negligence the court held that there was no ground for recovery and dismissed the complaint.

In 1904 the Supreme Court of Michigan decided the case of *O'Neill* v. *James*, 138 Mich., 567; 5 Amer. & English Ann. Cases 177. Here was a case of the explosion of a bottle of champaign cider which the employer of plaintiff had purchased from the defendant who manufactured it. The court held that in such an action, where it appeared that the plaintiff knew that the champaign cider as ordinarily manufactured and sold was charged

with a gas, and there is no evidence from which it may be inferred that the bottle was improperly charged, and it appears by the evidence that the apparatus used in charging the bottle was a proper one, it is the duty of the court to direct a verdict in favor of the defendant.

In this case the plaintiff had offered in addition to the fact of the accident, certain expert evidence to substantiate his claim of negligence, and the defendant had offered proof with relation to his method of filling and charging the bottles. The court held that upon the evidence the verdict should have been directed in favor of the defendant.

In 1908 the New York Court of Appeals decided the case of *Torgeson* v. *Schultz*, 192 N. Y., 156, 18 L. R. A. 726. This was a case of the explosion of a bottle of aerated water filled and put upon the market by the defendant. Plaintiff in addition to the fact of the explosion offered expert evidence tending to justify the contention of negligence and also offered a certain circular put out by the defendant which bore upon that question. The trial court non-suited the plaintiff and his action was affirmed by the appellate division. The Court of Appeals reversed on the ground that in view of the testimony of the experts and of the defendant's circular, the case should have been referred to a jury to decide whether the defendant was guilty of negligence.

In 1909 the Supreme Court of North Carolina decided the case of *Dail* v. *Taylor*, 151 N. C. 284, 28 L. R. A., N. S., 949. This was the case of the explosion of a bottle of Coca Cola. The court held that the mere explosion of the bottle was not sufficient to carry to the jury the question of negligence of the one who bottled it on the doctrine of *res ipsa loquitur*.

In 1912 the English King's Bench Division decided the case of *Bates* v. *Batey* & *Co. Ltd.*, L. R. 3 K. B., 1913, 351. This was the case of an explosion of a bottle of ginger beer. Defendants manufactured the beer and bottled it and sold it to the shop-keeper from whom the plaintiff purchased a bottle. Owing to a defect in the bottle it burst when the plaintiff was opening it and injured him. The defendants did not know the defect, but could have dis-

covered it by the exercise of reasonable care. The court held that the defendant were not liable inasmuch as they did not know of the defect, even though they could have discovered it by the exercise of reasonable care.

In 1912 the Court of Appeals of Georgia decided the case of *Payne* v. *Rome Coca Cola Bottling Company*. The defendant had manufactured and sold a bottle of Coca Cola to the dealer who had sold it to the plaintiff. It exploded and fragments of the glass flew into the plaintiff's eye and destroyed his sight. The trial court nonsuited the plaintiff and the Court of Appeals reversed this action, holding that the doctrine of *res ipsa loquitur* does apply in such a case. So far as I can discover this is the first of such adjudications anywhere.

In 1913 the Court of Appeals of Kentucky decided the case of *Stone* v. *Van Noy Railroad News Company*, 153 Ky., 240. This was the case of the explosion of a bottle of pop which the News Company had purchased from its co-defendant, the Merchant's Ice and Cold Storage Company, which had manufactured the article. The plaintiff was one of the News Company's agents, on the Illinois Central Railroad. The bottle exploded, injuring him, on a hot day in July, 1911. The court held that this case should not have been submitted to the jury, although there was some testimony in addition to the fact of the explosion offered.

In 1914 the Supreme Court of Arkansas decided the case of *Colyer* v. *Little Rock Bottling Works*, 114 Ark. 140. This was a case of the explosion of a bottle of soda pop which the defendant had sold to the plaintiff's husband who was in the business of selling soft drinks. The bottle exploded, as she had lifted it from the case in which it had come from the defendants and was carrying it to the ice box, and destroying the sight of her left eye. Here was a case in which there was considerable evidence offered in addition to the fact of the explosion.

The trial court withdrew the case from the jury and the Supreme Court reversed it and ordered the case submitted to the jury.

In 1918 the Supreme Court of North Carolina decided the case of *Grant* v. *Graham Chero-co Bottling Co.*, 176

N. C. 256. In this case a bottle of ginger ale exploded in the hands of the plaintiff, who was a purchaser from the defendant who was the manufacturer and bottler, destroying the sight of an eye. There was considerable evidence in this case showing numerous other similar explosions of carbonated beverages bottled by the defendant,—some at its plant, some while bottles were being crated and loaded, some on the road and others in the hands of customers. The verdict was for the defendant and the case was sent back for retrial because of errors in the charge of the court. The doctrine of *res ipsa loquitur* was not discussed.

In 1916 the Mississippi Supreme Court decided the case of *Wheeler* v. *Laurel Bottling Works,* 111 Miss., 442, 1916, E., L. R. A., 1074. This was the case of an explosion of a bottle of Coca Cola in the hands of the plaintiff who had purchased it from the defendant which had manufactured and bottled it. The court held that the mere fact that a bottle containing a carbonated drink, which had been placed on ice, burst when the lid of the ice chest was lifted, is not sufficient to show negligence on the part of the bottler, so as to charge him with liability for resulting injuries to the one opening the chest. The court expressly stated in its opinion that it did not think the doctrine of *res ipsa loquitur* applied, stating:

"The bottle at the time of the injury was not under the control or management of the manufacturer. The unfortunate occurrence appears to be one of those unforeseen accidents for which the manufacturer under the facts in this case should not be held liable."

In 1917 the Supreme Judicial Court of Massachusetts decided the case of *Burnham* v. *Lincoln,* 225 Mass., 408. This is the case of the explosion of a carboy of spring water while the plaintiff, who had purchased it from the defendant bottler, was pouring it into a pitcher. The trial court directed a verdict for the defendants, and the Supreme Court affirmed it.

In 1916 the Supreme Judicial Court of Massachusetts decided the case of *Kusick* v. *Thorndike,* 224 Mass., 413, holding that an action for personal injuries due to the explosion of a can of lime brought against one who packed and sold

the lime but did not manufacture it, did not come within the doctrine of *res ipsa loquitur*.

The same court in the case of *Conley* v. *United Drug Company*, in 1914, 218 Mass., 238, decided that the explosion of a tank filled with carbonic acid gas did not come within the doctrine of *res ipsa loquitur*.

In 1921 the St. Louis Court of Appeals tried the case of *Riecke* v. *Annheuser Busch Brewing Association*, 206 Mo. App. 246. This was a case where the plaintiff was a guest of the defendant inspecting its plant where it manufactured Bevo. A bottle of Bevo, while being handled by one of the defendant's employees, exploded and injured the plaintiff. The court applied the doctrine of *res ipsa loquitur* and affirmed the plaintiff's judgment obtained in the trial court, relying principally upon the case of *Payne* v. *Rome Coca Cola Co.*, *supra*.

In 1925 the Supreme Court of Missouri decided the case of *Stolle* v. *Annheuser Busch*, 271 S. W., 497; 39 A. L. R., 1001, expressly holding that the doctrine of *res ipsa loquitur* applies in the case of an explosion of a bottle of highly charged beverage, to the injury of a bystander, where the bottle is shown to have been transported and handled in the usual course of business with reasonable and ordinary care by those to whom the manufacturer delivered it. This court also relied principally upon the case of *Payne* v. *Rome Coca Cola Company*, and applied the doctrine of *res ipsa loquitur*. However, in this case the petition had averred negligence in the charging of a bottle of Budweiser, and the case was decided in the trial court upon a demurrer; the plaintiff not caring to plead further when the demurrer was sustained a judgment was entered against him and reversed above.

The last case to which my attention is called is *Coca Cola Bottling Works* v. *Shelton*, 214 Ky. 118, decided in 1926. A bottle of Coca Cola manufactured by the defendant exploded in the hands of a little girl on June 7th, 1924. The testimony disclosed that there had been twenty-seven other explosions of the defendant's Coca Cola bottles on the same day and in the same vicinity. It happened that this was the date for the dedication of the Jefferson Davis Monument in Fairview, Kentucky, and

there were large crowds of people present. At page 122 the court referred to the case of *Stone* v. *Van Noy News Company, supra,* without disapproval, and then said:

"Some authorities go to the extent of holding that the rule of *res ipsa loquitur* applies to the explosion of a single bottle, if negligence is negatived on the part of everyone handling it after it left the hands of the bottler."

and referred to the Payne and Stolle cases *supra.* The question of *res ipsa loquitur,* however, was not applied. The court held in view of the evidence about the numerous other explosions that the case was properly submitted to the jury and the verdict sustained.

Further references to this subject are contained in 20 R. C. L., pages 192 and 193, and 45 Corpus Juris, pages 890 and 891.

The Supreme Court of Ohio in the case of *Glowacki* v. *Northwestern Ohio Railway and Power Co.,* 116 O. S. 451, expressly stated that the doctrine of *res ipsa loquitur* applies only where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur, and ordinary care is observed. This was followed in *Scovanner* v. *Toelke,* 119 O. S. 256, and *Goodall* v. *Deters,* 121 O. S. 432, at page 435, where the court said:

"We see no merit in the contention that plaintiff's claim can be sustained by the application of the doctrine of *res ipsa loquitur.* That principle is often applied when the instrumentality causing the injury was in the exclusive possession and control of the defendant to the action. Such is not the case here."

Finally in *Thomas* v. *Youngstown Municipal Railway Company,* 122 O. S., 610, at page 611 the court said:

"Nor that the bridge was in the exclusive control of the defendant in error, so as to make the doctrine of *res ipsa loquitur* applicable."

In view of the foregoing and of the well known fact that glass is a highly inelastic substance and susceptible to strains occasioned by changes of temperature, either from hot to cold or from cold to hot, and under such strains is likely to break, and in view of the further fact that no

evidence of any kind was offered to show what pressure was imposed upon the Coca Cola bottle, or indeed with what substance it was charged, it seems clear to me that the motion should be and it hereby is granted, and further consideration of the evidence is withdrawn from the jury and judgment of non-suit is entered against the plaintiff.