**FICK, Plaintiff, v. PILSENER BREWING CO., Defendant.**

Common Pleas Court, Cuyahoga County.

No. 558391.   Decided April 8, 1948.

Harrison, Thomas, Spangenberg & Hull, Cleveland, for plaintiff.

Miller, Davis & Folk, Cleveland, for defendant.

## OPINION

By McNAMEE, J:

Defendant's motion for a new trial is based upon several grounds, the principal and most important of which is the claim that the Court erred in permitting the jury to consider the doctrine of res ipsa loquitur. This discussion will be limited to a consideration of the questions raised by the alleged error in this regard.

Defendant is engaged in business of brewing, bottling and distributing beer to retailers. On August 13th, 1945, the defendant delivered twenty-four cases of P. O. C. Beer to Mickey's Bar where plaintiff was employed as a bartender. The cases of beer were placed in the basement of the cafe at the time of delivery and the following morning an employee of the cafe brought several cases upstairs and placed some of them under the bar. During the evening of August 14, 1945. plaintiff was in the act of taking bottles of P. O. C. beer out of one of the cases under the bar and transferring them to a basket of a customer when one of the bottles exploded, causing injuries to plaintiff which resulted in the loss of his right eye.

The evidence discloses that the offending bottle of beer and the case in which it was delivered received no jar, impact or rough or unusual handling from the time of delivery to the cafe until and including the time of its explosion.

It is alleged in the second amended petition and established by the evidence that the beer was brewed, processed, charged, bottled, transported and handled exclusively by defendant prior to its delivery to Mickey's Bar. In the process of brewing and bottling beer defendant introduced a charge of carbon dioxide under pressure into each bottle of beer. Plaintiff offered no affirmative or positive proof of any specific act of negligence and relied solely on the doctrine of res ipsa loquitur. The bottling house superintendent and assistant brewing master of the defendant company testified in its behalf and described in detail the company's methods of brewing, bottling and inspection.

The cause was submitted to the jury with instructions that the evidential rule of res ipsa loquitur might be applied only

"if it has been first established by plaintiff that there is no basis in the evidence for a reasonable inference that the bottle of beer was caused to explode by any rough or unusual handling of the case or the bottle in which it was placed, by the plaintiff or anyone else after the delivery of the beer by defendant to Mickey's Bar." The jury was further instructed "that the burden is upon plaintiff to negative any reasonable inference that the application of any external force after the delivery of the beer to plaintiff's employer caused the explosion." A verdict was returned in favor of the plaintiff in the sum of Twenty-five Thousand Dollars.

"The doctrine of res ipsa loquitur asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient or reasonable evidence to support a recovery, in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care." 29 O. Jur, 631. St. Mary's Gas Co., v. Brodbeck, 114 Oh St, 423.

It is settled in this state that the doctrine of res ipsa loquitur does not raise a presumption of negligence but merely warrants an inference thereof, 29 O. Jur, 633, Loomis v. Toledo R. & L. Co., 107 Oh St, 161, and it is held generally that the doctrine applies only to those cases where the instrumentality which causes the injury is within the exclusive control and management of the defendant at the time the accident occurs. 29 O. Jur, 637; St. Mary's Gas Co. v. Brodbeck, supra. The doctrine as now defined by the courts of this state is almost identical with its definition as first announced in 1865 in the case of Scott & London v. St. Katherine Docks Co., 3 H. & C., 596, 159 E. R., 665, wherein Erle, C. J., said:

" 'There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.' " 1 D. L R., 611.

Two years prior to the decision in the above cited case, Pollock C. B., in Byrne v. Boadle, 2 H. & C., 722, 159 E. R., 299, first used the phrase "res ipsa loquitur" in referring to the then undefined doctrine. As stated by the annotator in 1 D. L. R., 611,—

"The doctrine having been given a phrasal name by Pollock, C. B., in the case of Byrne v. Boadle, and a recognized definition by Erle, C. J., in the case of Scott & London v. St. Katherine Docks Co., it became, thenceforth, a convenient and recognized rule of evidence."

Since its incorporation into the law of evidence the doctrine has been applied in an ever increasing variety of factual situations. For the most part, the courts of England and this country have confined its application to those cases where the instrumentality causing the injury was within the exclusive control and management of the defendant at the time the accident occurred.

The invention of the doctrine was the response of reason to the necessities of justice. Rational inference was accepted as an adequate probative substitute for affirmative proof of negligence. The doctrine of res ipsa loquitur has stood the test of time and is recognized generally as a safe postulate of judicial inquiry. The reasons which support the doctrine in its original concept are no more compelling than those considerations which argue for its extension and application to cases where a manufacturer, assembler or distributor delivers to others ordinarily safe instrumentalities in a condition that renders them dangerous and unsafe when handled carefully in the customary and expected manner.

Where an explosion of a bottle of carbonated beverage injures a person and the evidence negatives any reasonable inference that the explosion was caused by the plaintiff or anyone else who handled the bottle after it left the control of the manufacturer, both logic and experience support a rebuttable inference of negligence by the manufacturer while the bottle was in its possession and control.

This view first received judicial sanction in this country in 1912 in Payne v. Rome Coca Cola Bottling Co., 10 Ga. App. 762; 73 S. E., 1087, which was an action against the bottler for personal injuries due to the explosion of a bottle of Coca Cola. The court held as there was direct or circumstantial evidence of freedom from fault on the part of all persons through whose hands the bottle passed after it left the

bottler, a factual pattern was presented that warranted the application of the doctrine of res ipsa loquitur. In its opinion the court said:

"'The bottle exploded. Inferentially, someone was negligent. It was not Cook, the last vendor of the bottle, nor the plaintiff's brother, nor the plaintiff, nor yet Barnett, because they all stand exonerated by direct or circumstantial evidence of their freedom from fault. But the inference of negligence remains, and someone is prima facie to blame. By a process of elimination we get back to the manufacturer who set the dangerous agency in motion, and upon whom the blame ought inferentially to be fastened. It is certainly no hardship to require at the manufacturer's hands an explanation of the occurrence, that the jury may say whether it, like the other persons who handled the bottle, has been exonerated * * *. It charged the bottle with carbonic acid gas; it put together the constituent elements of the beverage; it manufactured or procured the bottle to hold these elements and it put the bottle in circulation with an invitation to the public to use the contents as a harmless and refreshing beverage.'" 39 A. L. R., 1004.

The Payne case was followed and approved by the Supreme Court of Missouri in Stolle v. Anheuser Busch, 307 Mo., 520; 271 S. W., 497; 39 A. L. R., 1001, wherein the court held:

"The rule of res ipsa loquitur applies in case of the explosion of a bottle of highly charged beverage to the injury of a bystander where the bottle is shown to have been transported and handled in the usual course of business, with reasonable and ordinary care."

Par. 1 of the Syllabus.

The above rule has been followed in many recent cases including the following:

Benkendorfer v. Garrett (Texas Civil App.), 143 S. W., 2d, 1020; Bottling Co. v. Sindell, 140 Md., 488; 117 Atl., 66; Bradley v. Conway Springs Bottling Co., 154 Kas., 282; 118 Pac. 2d, 601 (1941); Escola v. Coca Cola Bottling Co., 24 Calif. 2d, 453, (1944); McPherson v. Canada Dry Ginger Ale, 129 N. J L.. 365; 29 Atl. 2d, 868 (1943); Curley v. Ruppert, 65 N. Y., Supp. 2d, 785, Sup. Ct. App. Term (1946); Canada Dry Ginger Ale Co., v. Jochum, 12 Neg. Cases, 490 (1945), (Municipal Court of Appeals, District of Columbia).

In Michigan where the doctrine of res ipsa loquitur has never been recognized for any purpose the Supreme Court of that state in Macres v. Coca Cola Bottling Co., Inc., 290 Mich., 567, allowed a recovery under facts similar to those in the instant case on the theory that the evidence removed the cause of the explosion from the realm of conjecture and placed it within the field of legitimate inference.

The precise question here presented has not been passed upon by the reviewing courts of this state. In **Curtis v. Akron Coca Cola Bottling Company, 31 Abs, 546,** the court denied recovery to one who was injured by the explosion of a bottle of carbonated beverage; however, in that case the doctrine of res ipsa loquitur was not invoked by the plaintiff. In 1933 Judge Harris of this court in **Birns v. Coca Cola Bottling Co., 13 Abs, 727,** refused to apply the doctrine in such a case and directed a verdict for the defendant, but an examination of the opinion discloses that Judge Harris' decision was based upon the fact that the then weight of authority in other jurisdictions was against the application of the doctrine to cases of exploding bottles of carbonated Beverages. But, as noted in Bradley v. Conway Springs Bottling Co., supra, the more recently decided cases tend to show that the weight of authority now favors the application of the doctrine where the evidence discloses that the bottle was handled carefully in the usual and ordinary manner after delivery by the bottler or manufacturer.

As hereinabove indicated not all jurisdictions are in accord. For various and divergent reasons the courts of some jurisdictions adhere to the view that the doctrine may not be applied in cases involving the explosion of carbonated beverages. See Stewart v. Crystal Coca Cola Bottling Co., 50 Ariz. 60; 68 Pac. (2d) 952. Ruffin v. Coca Cola Bottling Co., 311 Mass., 514; 42 N. E., (2d) 259. Slack v. Premier Pabst Corp., 40 Del. 97; 5 Atl. (2d) 516. Loebig's Guardian. v. Coca Cola Bottling Co., 259 Ky., 124; 81 S. W., (2d) 910. Compare—Coca Cola v. Shocton, 214 Ky., 118; 282 S. W., 778.

While recovery was denied in Ruffin v. Coca Cola Bottling Co., supra, the Supreme Court of Massachusetts was careful to point out that there was evidence of lack of careful handling of the bottle by the plaintiff himself, thus implicitly recognizing the validity of the view that under proper circumstances the doctrine of res ipsa loquitur might be applied in such cases.

In Slack v. Premier Pabst Corp., supra, the court held that —there is room in such cases for the doctrine of unavoidable accident. In answering this contention the Supreme Court

of Kansas in Bradley v. Conway Springs Bottling Company, supra, said:

"The large number of this class of cases reaching courts of reports throughout the country, only a few of which are cited herein, indicate that these beverages are potential explosive, if improperly compounded, bottled, or distributed. Their wide general distribution and use make it all the more important that the highest degree of care be exercised by those who engage in that business. Purchasers of refreshing drinks are not purposely dealing in explosive bombs. There is no reason to relieve the manufactures, bottlers, and distributors of these beverages from fundamental rules of negligence applicable to everyone else. We see no room in this case for the application of the doctrine of unavoidable accident."

To classify the explosion of a bottle of carbonated beverage as an unavoidable accident is to reject the demonstrated results of experience. Ordinarily bottles of refreshing beverages do not explode. Usually this effect is produced by some avoidable cause. If it be the impact of external force or careless handling of the bottle after delivery by the defendant the doctrine of res ipsa loquitur cannot be invoked. Nor may the doctrine be applied if determination of the cause of the explosion rests upon guess or conjecture. But if the evidence fairly and logically rules out all causes arising after defendant relinquishes control of the bottle, it is but reasonable and just that he be required to explain the unusual occurrence.

A brewer, bottler and distributor of carbonated beverages owes to all those who may be expected to handle or be in proximity to the bottled beverages the duty of exercising reasonable care in the process of brewing, bottling and distributing the same. to safeguard all such persons from injuries that are likely to result from handling the bottles in the ordinary and customary manner. (See Restatement of Torts, Vol. 2, Sec. 395, p. 1083, re duty of manufacturer of chattels.)

In Stewart v. Crystal Coca Cola Bottling Co., supra, the Supreme Court of Arizona, in denying recovery for injuries sustained by the explosion of a bottle of Coca Cola while in an ice box, stated:

"Inasmuch as it is just as probable that the explosion was due to action on glass of sudden changes in temperature as it is that it was caused by an overcharge of gas, the rule of res ipsa loquitur does not apply."

Considering that it is a well known and almost universal practice of our people to drink carbonated beverages after they have been cooled, it would seem that subjecting such bottled beverages to changes in temperature arising from refrigeration would constitute a customary and expected use, which the bottler is required to anticipate. It appears beyond question that a bottler of carbonated beverages owes the duty to furnish glass containers of sufficient tensile strength to withstand such anticipated changes in temperature.

Little is to be gained by further comment on the reported cases. The present trend of judicial thinking is definitely toward application of the doctrine in cases involving the explosion of bottles of carbonated beverages, where the evidence excludes any efficient cause of injury except the permissible inference of defendant's negligence. The attitude of courts which, thus far, have resisted the extension and application of the doctrine to such cases has been influenced by the fact that invariably the exploding bottle is not in the possession and control of the defendant at the time the accident occurs. Under the doctrine of res ipsa loquitur an inference of negligence is permitted from the mere happening of an accident because the defendant owes the duty and possesses the sole power of preventing the occurrence by the exercise of reasonable care and the means of explaining the cause are available to the defendant but inaccessible to the plaintiff. Where a defendant has the sole power of preventing an injurious result he has the exclusive control of the causative force of the injury.

In **Loomis v. Toledo R & L Co., 107 Oh St, 161, 169,** Judge Jones, speaking for the Supreme Court, said:

"The author in 1 Sherman & Redfield on Negligence (6th Ed.) Sec. 58b, discussing the doctrine of res ipsa loquitur, says:
" 'The causative force of an injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause.' "

Defendant's exclusive control of the causative force of an injury may be and frequently is the concomitant of his exclusive possession and physical control of the offending thing at the time of injury. But it is true also that defendant's control of the causative force of an injury may exist independently of another's exclusive possession and manual control of the offending thing at the time an accident occurs.

The distribution of foods, beverages, chemical compounds and other products in sealed containers is a source of accidental and injurious consequences which occur under circumstances where the sole control of the causative force of injury is lodged in one person while exclusive possession and manual control of the offending product at the time of injury is possessed by another.

A manufacturer or processor may create and set in motion the causative force of an injury which those subsequently in possession of the offending product are powerless to control. It is difficult to perceive a difference in principle between these latter cases and those where a defendant's sole power to prevent injury, by the exercise of reasonable care, results from his exclusive possession and control of the offending thing at the time of the occurrence. In both classes of cases the defendant has exclusive control of the causative force of the injury. Whether this essential control results from manufacturing, processing or compounding a product, or inheres in defendant's exclusive possession and control of the offending thing at the time of injury would seem immaterial. In either such circumstances there is equal warrant for the application of the doctrine.

It is the opinion of this Court that the application of the doctrine of res ipsa loquitur under the circumstances disclosed by the evidence in this case is supported by sound reason and the weight of authority in this country.

Defendant's motion for a new trial is overruled.