O’Neill, J.
Plaintiff, in his brief, concedes that each of the causes of action joined in his petition does not affect all the parties to the action, i. e., both defendants named in the petition.
No other position is possible, because causes of action numbered II, III and IV affect only one or the other of the defendants.
The causes of action numbered II and IV do not affect Morrell, the packer, in any way. The cause of action numbered III does not affect Kocian, the retailer, in any way.
Although not all the plaintiff’s causes of action affect both defendants, the plaintiff does not separately pray for judgment against one or both defendants as they were separately or jointly affected by the different causes of action but, instead, prays for joint and several judgment in a lump sum against the two named defendants.
At common law, this petition would be subject to demurrer because causes of action can not be united unless each of the causes of action affect all parties to the action.
This common-law rule was incorporated in the original Ohio Code of Civil Procedure by the Act of March 11, 1853. Succes *174 sive Sections 80 and 81 of that act (51 Ohio Laws, 57, 70) became, successively, Sections 5019 and 5020 of the Revised Statutes of 1880; Sections 5058 and 5059, Revised Statutes, in the Act of April 16, 1900 (94 Ohio Laws, 268, 279), which was a partial recodification of the Code of Civil Procedure; Sections 11306 and 11307 of the General Code; and, finally, Sections 2309.05 and 2309.06 of the Revised Code.
Under the plain language of those sections, as originally enacted, a demurrer to the petition, upon the ground that the stated causes of action do not affect all parties to the action, must then have been sustained. This rule has been upheld in many jurisdictions. See 1 Corpus Juris Secundum, 1284 to 1288, Actions, Section 98. However, because of subsequent amendments thereto, a question arises as to whether there is now such a duty.
In 1864, in 61 Ohio Laws, 910, Section 1, an act supplementary to the Code of Civil Procedure was enacted, which provided “that in all actions for foreclosure of mortgages given to secure the payment of money, or in which a specific lien for money claimed to be due, is sought to be enforced, the plaintiff may also ask in his petition a judgment for the money claimed to be due; and such proceedings shall be had, and judgment rendered thereon, as in other civil actions for the recovery of money only.”
Thereafter, in King v. Safford (1869), 19 Ohio St., 587, this court held:
“Under the act of Feb. 19th, 1864 (S. and S., 575), the holder of a note secured by mortgage may, in a single action, demand and have a judgment against all the makers of the note, and a sale of the mortgaged premises, although the mortgage is executed only by a part of the makers of the note.” (Emphasis added.)
The Act of April 16, 1900, was a partial recodification of the Code of Civil Procedure, and the Act of February 19, 1864, referred to above, was integrated into the recodification of the Code as subsection 8 of Section 5058, Revised Statutes (Section 80 of the Act of March 11, 1853), 94 Ohio Laws, 268, 279 (1900), and has since been a part of the statute permitting *175 joinder of certain causes of action and now appears as Section 2309.05(1), Revised Code.
The 1900 Recodification Act, in addition to inserting subsection 8 in Section 5058, inserted in Section 5059 (Section 81 of the Act of March 11, 1853) the language, “except as otherwise provided.” This language now appears in Section 2309.06, Revised Code, and makes paragraph (I) of Section 2309.05, Revised Code, the exception to the requirement of Section 2309.06 that “causes of action united as provided in Section 2309.05 * * * must affect all the parties.”
In Fielder, Admr., v. Ohio Edison Co. (1952), 158 Ohio St., 375, this court, following the common law as codified in Section 2309.06, Revised Code, held in the fourth paragraph of the syllabus :
“An administrator’s cause of action for pain and suffering of his decedent may not be joined with a cause of action for the wrongful death of the same decedent; both causes of action do not affect all the parties to the action as required by statute.” (Emphasis added.)
The court, in its opinion, sets forth, as follows, at page 382, the test by which the applicability of Section 2309.06, Revised Code, is to be determined:
“* * * The supreme test as to whether a party is affected by a cause of action is, does he have a legal interest in rights which are the subject matter of the cause of action.”
The Legislature amended Section 2309.06, supra, effective November 9, 1959, to permit “a joinder by an executor or administrator of a cause of action for the wrongful death of his decedent * * # with a cause or causes of action for injuries to the person or property, or both, of his decedent” and “a joinder by a married woman of a cause of action for personal injury or property damage with a cause of action brought by her husband, for loss of services or expenses or property damage, or a cause of action of a minor for personal injury or property damage with a cause of action brought by his parent or guardian for loss of services or expenses or property damage, when both or all of such causes arise out of the same wrongful act or acts. ’ ’
The petition now before us joins causes of action which *176 admittedly do not affect all parties to the action and are not covered by the exceptions discussed previously in this opinion.
Plaintiff contends otherwise and grounds his position upon three premises.
As a first premise, the plaintiff asserts that the causes of action which are permitted to be united by Section 2309.05, Revised Code, are excepted from the requirement of Section 2309.06, supra.
Section 2309.06, supra, provides that causes of action united as provided in Section 2309.05, supra, “must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action.”
Plaintiff attempts to rely upon the words, “except as otherwise provided,” and asserts the novel argument that these words make the requirement of Section 2309.06, supra, that causes of action united as provided in Section 2309.05, supra, must affect all parties to the action, inapplicable to the specific classes of actions which Section 2309.05 permits to be joined.
The language of Sections 2309.05 and 2309.06, the sequence of these sections, and the historical development of the language of these sections refute the plaintiff’s position.
As a second premise, plaintiff asserts that the language in Section 2307.19, Revised Code, “any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein,” creates an implication of permission to join the defendants in this action. This argument has no basis in the history of our Code of Civil Procedure or the decisions interpreting it.
It should be noted that this section was originally enacted in 1853 in the original Code of Civil Procedure. The plaintiff can not rely upon this section for the reason that one or the other of the defendants in this case has no interest, and claims none, in causes of action numbered II, III and IV, and only one of the defendants is a necessary party to a complete determination of each of these causes of action.
Section 2307.19, supra, is concerned with joinder of parties defendant. See, also, Section 2307.191, Revised Code, effective August 26, 1963. Our question here is concerned with joinder of causes of action.
*177 There is no basis, and certainly no authority, for the position that Section 2307.19, supra, dealing with joinder of parties defendant, is to be interpreted as an implied exception to the requirements concerning joinder of causes of action in Section 2309.06, supra.
As a third premise, the plaintiff cites numerous authorities for the recognized principle of law that pleadings must be fairly, reasonably and liberally, and not strictly, construed.
This is good law but irrelevant to the questions before the court in this case. Our problem here deals with a well defined, definite and long established common-law rule of pleading which has been codified in the statutes of Ohio since 1853, and, although some exceptions have been made in the statute since that time, none of the exceptions is applicable to the requirement of Section 2309.06, supra, that “causes of action united * * * must affect all the parties to the action,” as it applies to the causes of action alleged by the petition in this case.
The Court of Appeals erred in reversing the judgment of the Common Pleas Court which sustained the demurrer to the petition of the plaintiff on the ground that there was an improper joinder of causes of action, contrary to the provisions of Section 2309.06, supra.
Now we come to the question raised by the demurrer of Morrell specially to the fifth cause of action in the plaintiff’s petition, on' the ground that it does not state facts which show a cause of action.
The fifth cause of action, which is directed against both defendants, makes no allegation of specific negligence against either defendant. Plaintiff alleges that his right hand was injured when a glass jar of pigs’ feet “exploded.” He then alleges that this food product “was solely and exclusively within the successive possession and control of each of the defendants, during its manufacture, bottling, handling, storage, transportation, or display, and defendants have exclusive and superior knowledge of the precise reasons which caused said glass container * * * to explode.”
The plaintiff relies upon the doctrine of res ipsa loquitur.
Ordinarily, the doctrine of res ipsa loquitur will be applied in exploding-bottle cases (1) where there was expansive or volatile substance inclosed in the bottle, and (2) where the *178 defendant had exclusive possession and control of the offending instrumentality, or, if the defendant did not have possession at the time of the injury, there are an allegation in the petition and a showing that the instrumentality could not have been mishandled or tampered with between the time it left the possession and control of the defendant and the time of the accident which caused the injury. Fick v. Pilsener Brewing Co., 54 Ohio Law Abs., 97; Krysiak v. Acme Wire Co., 169 F. Supp., 576, 578, 579; Koktavy v. United Fireworks Mfg. Co., Inc., 160 Ohio St., 461, 471; Hadley v. Hillcrest Dairy, Inc., 341 Mass., 624, 171 N. E. (2d), 293.
In this case, the plaintiff alleges that the bottle was in the exclusive control of the plaintiff, not Morrell, at the time of the alleged explosion, and that the plaintiff was handling it. The plaintiff alleges that the bottle had been in the successive possession and control of each of the defendants prior to the time the plaintiff purchased it but makes no allegations to trace what had happened to the bottle from the time Morrell had possession and control of it until the time it reached the hands of the plaintiff. (As a matter of fact, the plaintiff asserts in his brief in this court that he has knowledge that this particular jar of pigs’ feet was involved in a train wreck in Ottumwa, Illinois, a few days prior to its purchase by the plaintiff; that this bottle was in the custody, possession and control of and was then being transported by the Nickel Plate Railroad; that the train wreck and a fire caused heavy property loss; that the railroad paid Morrell for the property loss involved; and that the railroad then sold the food product as a salvage item to a restaurant and supply company in Cleveland, Ohio, which company sold this bottle of pigs’ feet to Kocian, who in turn sold it to the plaintiff.)
The plaintiff is relying upon the case of Nichols v. Nold, 174 Kan., 613, 258 P. (2d), 317. That case, however, is contrary to the settled and controlling law of Ohio.
This court has said, in referring to the doctrine of res ipsa loquitur:
‘ ‘ The rule established * # * is well stated in 1 Shearman & Redfield on Negligence (6 Ed.), Section 58b, as follows:
“ ‘The causative force of the injury must be shown to be *179 controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury an inquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms. ’ ’ ’ Glowacki, a Minor, v. North Western Ohio Ry. & Power Co. (1927), 116 Ohio St., 451, 464.
Again, this court said, in discussing a case in which a plaintiff’s leg had been cut by a piece of wire embedded in a bar of soap:
. £ * * * view of the lapse of time and the number of persons handling the soap after it left the defendant manufacturer, it hardly seems permissible to say that the soap was within the exclusive control and management of the defendant, thus making applicable the doctrine of res ipsa loquitur.” Krupar v. Procter & Gamble co. (1954), 160 Ohio St., 489, 494. See St. Marys Gas Co. v. Brodbeck, Admr. (1926), 114 Ohio St., 423.
Where the allegations of a petition show that the defendant did not have custody, possession, control or management of the instrumentality at the time of the injury, or for an indeterminate period of time prior to the injury, the doctrine of res ipsa loquitur is not available to the plaintiff against the defendant, unless the plaintiff alleges and shows that the the instrumentality was not mishandled or altered subsequent to the time it left the defendant’s custody, possession, control and management.
Judge Stewart, speaking for this court in Koktavy v. United Fireworks Mfg. Co., Inc., supra, at page 471, said:
“* * * ordinarily there must be custody, control and management of an injury-causing instrumentality by a party in order to render applicable against him the rule of res ipsa loquitur, and that before the rule may be applicable against a party out of such custody, control and management, there must be a complete showing that the instrumentality could not have been mishandled or tampered with between the time of its leaving the custody of the one sought to be charged and the time of the accident causing the injury.” See, also, Schafer v. *180 Wells, 171 Ohio St., 506, paragraph one of the syllabus; Renneckar v. Canton Terminal Restaurant, Inc. (1947), 148 Ohio St., 119; Soltz v. Colony Recreation Center (1949), 151 Ohio St., 503.
Judge Zimmerman, in his dissenting opinion in the Kohtavy case, supra, indicated agreement with this principle, that the plaintiff should be required, in the allegations of his petition, to trace and account for the instrumentality after it left the possession, control and management of the defendant and allege and show that the instrumentality was not mishandled or tampered with subsequent to the time it left the defendant’s custody, when he said:
“Here the plaintiff traced with a satisfactory degree of thoroughness the history of the bomb from the time it left defendant’s place of business until it was placed in the mortar. To my mind, such evidence reasonably warranted the inference that the bomb had been treated with due care after it left the hands of the defendant and had not been subjected to extraneous forces which would tend to cause a dislocation or impairment of its interior parts.”
In Schafer v. Wells, supra, the dissenting opinions written by Judges Zimmerman and Taft and concurred in by Judges Zimmerman, Taft and O’Neill point out the logic of and authority for this position.
Other jurisdictions have applied this rule in precluding the application of the res ipsa loquitur principle against multiple defendants in exploding-bottle cases.
A case directly in point with the case under consideration is Copher v. Barbee (Mo. App.), 361 S. W. (2d), 137. That was an exploding-bottle case in which the plaintiff had joined both the bottler and the retailer and had attempted to rely on the doctrine of res ipsa loquitur. Because that case is so directly in point with the one under consideration, it will serve a good purpose to quote, as follows, from the petition in that case:
“[The bottle] was solely and exclusively within the successive possession and control of each of the defendants, during its manufacturing, bottling, handling, storage, transportation, distribution or display and during the time in which the negligent acts of the defendants occurred, the defendants (having) *181 exclusive and superior knowledge of their precise acts of negligence which caused the bottle of Royal Crown Cola to explode when picked up by the plaintiff.”
The plaintiff in the Copher case sought to plead a case under the res ipsa loquitor doctrine against both defendants and relied upon the case of Nichols v. Nold, 174 Kan., 613, 258 P. (2d), 317.
The court, however, refused to follow the Nichols case and held that the doctrine of res ipsa loquitur was not available to the plaintiff against the bottler. The court followed the same rule that is set forth in the opinion of this court in the Koktavy case, supra, and held that the res ipsa loquitur doctrine could not be applied to a bottler who had relinquished possession and control of the instrumentality in question, unless the plaintiff could affirmatively demonstrate that the condition of the bottle did not change following the bottler’s transfer of possession and control.
The court cited the case of Maybach v. Falstaff Brewing Corp., 359 Mo., 446, 453, 222 S. W. (2d), 87, where the Supreme Court of Missouri said:
“An essential element of the res ipsa doctrine is that proof of the occurrence and attendant circumstances shall point, prima facie, to negligence on the part of the defendant. Such proof cannot, without further proof, point to the negligence of a defendant who is entirely out of control of the instrumentality at the time it causes the injury. Such proof may tend to indicate negligence on the part of some one, but further proof is necessary to definitely fix the blame on the defendant by excluding causes for which he is not responsible.
£C 4fc 4£ 4s
“In the instant case the bottles which exploded had been out of defendant’s control for seven or eight days. Mere proof of the explosion did not create an inference of negligence on the part of defendant and thus bring the case under the res ipsa rule.”
California has followed a similar rule, laying down the principle that the res ispa loquitur doctrine is not applicable in exploding-bottle cases involving multiple defendants.
In a recent case, Trust v. Arden Farms Co. (1958), 50 Cal. *182 (2d), 217, 220, 324 P. (2d), 583, where the plaintiff had sued the retailer and bottle manufacturer for injuries sustained when a milk (inert product) bottle broke in his hand, the Supreme Court of California held that the res ispa loquitur doctrine was not applicable to either defendant, saying:
“ * * * A plaintiff seeking to invoke the doctrine of res ipsa loquitur against a defendant who at a time prior to the accident has relinquished all control of the instrumentality causing the injury must affirmatively establish that the condition of the instrumentality has not changed since it left the possession of the defendant.”
The District of Columbia likewise followed this rule in Atwell v. Pepsi Cola Bottling Co. of Washington, D. C., 152 A. (2d), 196. In that case, the plaintiff had joined both the bottler and retailer of a carbonated beverage (expansive volatile product). The court, in a footnote, said:
“Appellant in effect contends that the doctrine is applicable against both appellees; that it was the duty of each appellee to come forward with proof that it was free from negligence ; and that she should be relieved of her burden of showing that the accident was more probably the fault of one than the other. This might be true if appellees ’ possession of the bottles was joint, but it was not; it was successive [as in the instant case].” (Emphasis added.)
A similar rule was referred to by the Court of Appeals of Maryland in Joffre v. Canada Dry Ginger Ale, Inc., 222 Md., 1, 158 A. (2d), 631, where the court said, at page 11:
“* # * generally it has been held that res ipsa is not applicable against multiple defendants where it is not shown that their liability was joint or that they were in joint or exclusive control of the injury producing factor, or where the wrongdoer, among several possible, was not identified.”
A fundamental principle of the res ipsa loquitur doctrine is that it is available to a plaintiff only when it operates substantially to identify the probable wrongdoer in a given situation. This is illustrated by the opinion in Actiesselskabet Ingrid v. Central R. Co. of New Jersey (1914), 216 F., 72, a leading case of the United States Court of Appeals for the Second Circuit.
*183 In the case before us, there is no allegation of negligence. There is no allegation that tends to identify Morrell as the wrongdoer. There is an allegation that the plaintiff had possession, control and management of the offending instrumentality at the time of the injury. There are no allegations tracing the offending instrumentality following the time it was in the custody, possession, control and management of Morrell, until it’came into the possession of plaintiff. There is no allegation that the bottle was not and could not have been mishandled or tampered with between the time it left the custody, possession, control and management of Morrell and the time of the accident which caused the injury. Allegations of these circumstances are necessary before the doctrine of res ipsa loquitur is applicable to permit the jury, upon proof of the allegations, to infer negligence as the proximate cause of the injury to the plaintiff.
The Court of Appeals erred in reversing the judgment of the Common Pleas Court sustaining the demurrer of Morrell specially to the fifth cause of action, on the ground that the fifth cause of action fails to state facts which constitute a cause of action.
The judgment of the Court of Appeals is reversed, and the judgment of the Common Pleas Court is affirmed.

Judgment reversed.

Tart, C. J., Zimmerman, Matthias, Griffith, Herbert and Gibson, JJ., concur.